STRAUB v. SCREVEN.

1. A note having been given for the purchase of goods delivered to the maker, the payee "retaining title, ownership and possession" until the note was fully paid, the parties stood toward each other in the relation of mortgagor and mortgagee, and, on default, the payee might seize some or all of the goods, or he might sue on the note.

2. A subsequent mortgagee having seized some of these goods, and then, on threat of suit, surrendered a part to the payee of said note and paid $50, the maker is entitled to credit on his note only for what the payee so received.

3. A mortgagor of chattels is entitled to credit only for the net proceeds of sale of the chattels seized on default, the expenses of seizure and sale being deducted.

4. Contracts must be construed by the words which they contain, and not with reference to words omitted or erased.

5. The complaint stated the note and credits, and demanded judgment for a specified sum. The answer admitted these allegations. The judge who tried the cause reduced the amount of one of the credits, and gave judgment for a sum larger than was demanded. *Held*, that to this extent there was error. This case distinguished from *Kaphan* v. *Ryan* (6), 16 *S. C.* 352, and *Chapman* v. *Lipscomb*, 18 *S. C.* 235.

6. The appeal sustained *nisi*.

Before KERSHAW, J., Richland, October, 1882.

The opinion fully states the case.

*Mr. N. K. Perry*, for appellant.

*Mr. W. H. Lyles*, contra.

June 29th, 1883. The opinion of the court was delivered by MR. JUSTICE McIVER. This was an action on four notes under seal, all of the same tenor, except as to the time of payment, and the following copy of the first note will, for the purposes of this case, serve as a copy of each of the notes:

"$120. COLUMBIA, S. C., April 2d, 1880.

"On or before the second (2) day of November, 1880, I promise to pay A. W. Straub, or order, one hundred and twenty dollars, for value received in delivering to me of three 20ᵛ mills, and if not punctually paid at maturity, with interest from that time at 7 per cent. [~~per annum and counsel fees of (10) ten per cent. on the amount, if collected by law~~], and I hereby waive the benefit of the homestead exemption as to this debt. It is furthermore the express condition of the delivery of said three mills to me that the title, ownership or possession does not pass from the said A. W. Straub until the note and interest is paid in full, and he may take possession of said three mills now at Grange, Transylvania county, N. C., and sell the same for my account, at any time, in case this note is not punctually paid, [~~in which case I hold myself liable for any and all loss or damage caused by my failure to meet this note~~].

"Witness:                                    E. W. SCREVEN, [L. S.]
"NEWMAN K. PERRY."

The erasures indicated in the foregoing copy, and relied upon by appellant in his argument, were made before the notes were signed.

The plaintiff, in his complaint, admitted that he had taken possession of one of the mills, which, he says, he had been unable to sell without a sacrifice, but he alleges that the value of said mill is not more than $125. He also admitted the receipt of $50 from one Dial for his interest in another mill which he had seized; and in making up the statement of the balance due he allows the defendant credit for this $125, as well as for the $50 received from Dial, and only demands judgment for $325.30, with interest from November 2d, 1881. The defense was that the notes had been satisfied by the seizure of the mills by the plaintiff, under the authority contained in the notes.

The case was tried by the Circuit judge, without a jury, and he found, as matter of fact, that one of the mills which had been taken possession of by the plaintiff, had been sold since the commencement of this action, and brought the sum of $100, and that it cost the plaintiff $9 to transport the same to place of sale; that the notes sued upon were left by defendant in the hands of his attorney to be delivered to the plaintiff, but that defendant took possession of the mills as soon as the notes were signed; that after the notes were signed, but before June 18th, 1880, the defendant gave to Dial a mortgage on said mills, giving him notice of plaintiff's claim, and on that day, after the mortgage to Dial was executed, the said notes were delivered to the plaintiff; that the mills were taken to North Carolina by the defendant, and plaintiff had his mortgage recorded there; that Dial sent his mortgage to North Corolina, and seized the mills thereunder, denying notice of plaintiff's mortgage; that plaintiff threatened Dial with suit, and he proposed to divide the mills, to which plaintiff agreed, and each took one mill, Dial paying $50 to plaintiff and retaining the other mill. And, as matter of law, he found: " That plaintiff is entitled to recover against the defendant on said notes, with interest, according to their tenor and effect, less the amount actually received by him from Dial and from the sale of the mill, which he recovered less expenses."

He therefore rendered judgment for the sum of $359.30, with interest from November 2d, 1881, which, it will be observed, exceeds the sum for which judgment was demanded in the com-

plaint, by the sum of $34. This difference, doubtless, arose from the fact that the plaintiff, in computing the balance due on the debt, gave credit for $125, the estimated value of the mill, of which the plaintiff had taken possession, which had not been sold at the time the complaint was filed, whereas the Circuit judge only gave defendant credit for the actual amount which the mill brought when it was sold—$100—less the expenses of such sale, $9.

The defendant appeals upon the following grounds:

1. " Because his Honor erred in holding ' That plaintiff recover against the defendant on said notes, according to their tenor and effect.'

2. " Because his Honor erred in holding that the defendant pay expenses attending sale of one of said mills.

3. " Because his Honor erred in not holding that Dial, being a subsequent creditor with notice, and receiving one-half of the mills with consent of plaintiff, defendant was not liable for mills so released.

4. " Because his Honor erred in not holding that the plaintiff, having taken possession of said mills and detained the same with Dial, was an extinguishment of defendant's notes.

5. " Because his Honor erred in not holding that plaintiff's declaration of part possession of mills, and subsequent disposition by compromise to Dial of the other part, was possession of the whole, and such possession was a satisfaction of defendant's obligations.

6. " Because his Honor erred in adjudging for plaintiff $359.30 and interest, while plaintiff only demands judgment for $325.30, with interest from November 2d, 1881.

7. " Because his Honor erred in not holding that the complaint be dismissed with costs to defendant."

It is very clear that the plaintiff and defendant, by virtue of their contract, as evidenced by the notes, stood towards each other in the relation of mortgagee and mortgagor. The plaintiff had a right, upon default in the payment of the notes, to seize and sell the mortgaged property, or any part thereof, accounting to the defendant for the proceeds of such sale; but he was not bound to do so, and, on the contrary, he might altogether have disre-

garded the mortgage clause in the notes and brought his action for the money secured thereby, just as if no such clause was contained therein. So, too, he had a right to seize one of the three mills, without being bound to seize them all, and all that the defendant could require of him, in that event, would be to allow him credit for the proceeds of the sale of the mill so seized, and this is exactly what the Circuit judge required of him.

It does not appear from the facts, as found by the Circuit judge (and these are the only facts before us), that the plaintiff ever had possession of but one of the mills, and that has been sold and the proceeds applied as a credit to the debt of defendant. On the contrary, it appears that it was Dial, and not the plaintiff, who took possession of the mills under his mortgage, and that he, upon being threatened with a suit by the plaintiff, surrendered one of the mills to the plaintiff and paid him $50, for which, likewise, the defendant has been allowed credit. It seems to us, therefore, very clear that the defendant has been allowed all the credits which he could, by any possibility, claim against the plaintiff. To make the plaintiff responsible for the value of the other mills seized by Dial, would not only be unwarranted by any principle of law or justice, but would probably result in giving the defendant credit twice for the same thing; for, as far as we can see, there is no possible reason why the defendant should not be entitled to credit on his debt to Dial for the proceeds of the sale of the mills seized by Dial, and to allow him credit also for such proceeds, or for the value of the mills, as he claims, on his debt to the plaintiff, would certainly be giving him credit twice for the same thing.

Under the view which we take of the sixth ground of appeal, the point suggested by the second ground—that defendant was not liable for the expenses attending the sale of the mill—cannot now arise. But it may be well for us to say that we do not think the point well taken. There can be no doubt of the general proposition, that the mortgagor can only claim credit for the proceeds of the sale of the mortgaged property after deducting therefrom the expenses incident to the seizure and sale of the property. But it is contended that the erasures in the notes show that it was the intention of the parties in this case that the

defendant should not be liable for such expenses. We cannot concur in this view. In the first place, the words erased do not distinctly point to the expenses that might be incurred in the sale of the mortgaged property; and, even if they did, we think the notes must be read as if the words erased had never been inserted, and when so read the contract falls within the general rule as to mortgages. Those words were not at all necessary to create a liability on the part of the defendant for the expenses of the sale, and if he had desired to exempt himself from such liability he should have inserted in the contracts words of exemption, as contracts must be construed by the words which they contain, and not with reference to words omitted or erased.

We are unable, therefore, to see how any of the grounds of appeal can be sustained, except the sixth, which we will now proceeed to consider. The plaintiff, in his complaint, stated his several causes of action, together with the credits which he admitted to be applicable thereto, and demanded judgment for a specific sum of money, as the balance due after deducting the admitted credits; and we do not see how judgment could be rendered for a larger sum without an amendment, which was not asked for or ordered. The *Code of* 1882, § 297, provides that: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but, in any other case, the court may grant him any other relief consistent with the case made by the complaint and embraced within the issue." Here there was an answer, and hence the question is, whether the relief granted was "consistent with the case made by the complaint and embraced within the issue." The case made by the complaint was that the defendant was indebted to the plaintiff in a certain specified sum of money, which was the balance due on the notes sued upon after deducting certain credits stated and admitted in the complaint. Upon this and this alone was issue joined, and it seems to us that to vary the amount of one of these admitted credits, and more especially to allow an additional sum, nowhere alluded to in the pleadings, was granting relief not consistent with the case made by the complaint and not embraced within the issue presented for trial.

The cases relied upon by the plaintiff to sustain the judgment below (*Kaphan* v. *Ryan*, 16 *S. C.* 352; and *Chapman* v. *Lipscomb*, 18 *S. C.* 235,) do not appear to be in point. In the former case the Circuit judge simply corrected an error in the calculation of interest, the complaint itself furnishing the materials for making such correction, and, therefore, it is clear that, in that case, the relief granted was entirely consistent with the case made by the complaint.

In *Chapman* v. *Lipscomb* the action was not brought on a money demand, but was for the recovery of possession of personal property as well as damages for its detention, and it was for the jury or referee by whom that case was tried, instead of a jury, to assess the value of the property as well as the damages, and the judgment, as rendered, was for an amount much less than the total amount demanded in the complaint. Indeed, the exceptions in that case were so extremely general and indefinite that the point now raised did not distinctly appear, and, therefore, it did not receive the attention which it would otherwise have received.

We are of opinion, therefore, that there was error in rendering judgment for $34 more than the amount demanded in the complaint, the same not being warranted by the case as made in the complaint, and that the defendant is entitled to have the judgment corrected in this particular.

The judgment of this court is that the judgment of the Circuit Court be reversed and the case remanded to that court for a new trial, unless the plaintiff shall, within ten days after written notice of this judgment, remit upon the record in the Circuit Court $34 of the recovery, in which event the judgment of this court is that the judgment of the Circuit Court, so reduced in amount, be affirmed.