Marco **TARTAGLIA**

v.

Biaso **DEL PAPA,** also known as Biogio Del Papa, and Maria Giaginta Del Papa, and Theodore Del Papa.

Civ. A. No. 37846.

United States District Court
E. D. Pennsylvania.
July 1, 1969.

James J. Orlow, of Orlow & Orlow, Philadelphia, Pa., for plaintiff.

Filindo B. Masino and John G. McDougall, Philadelphia, Pa., for defendants.

OPINION AND ORDER

BODY, District Judge.

The defendant, Theodore Del Papa, through his counsel, John G. McDougall, Esquire, seeks under Rule 60(b) (2) F.R.Civ.P. to set aside a judgment by default for $7,500.00 plus costs in favor of the plaintiff. The judgment was made by this Court, sitting in a non-jury case, after evidence was presented, and therefore was not a default judgment. The defendant, Theodore Del Papa, did not appear either personally or through counsel. There was no motion made by plaintiff for a default judgment.

The defendant, Theodore Del Papa, at all times during the pendency of this action has lived in Coral Gables, Florida.

On May 27, 1965, not having been served, Theodore Del Papa entered his appearance through counsel, who also appeared for his sister, Maria Giaginta Del Papa. Default was entered against Biaso Del Papa on May 24, 1965. On June 16, 1965 defendants Theodore and Maria answered the complaint. Jurisdiction was never contested by defendant Theodore.

Counsel for defendants withdrew on August 14, 1968 allegedly because of failure to communicate or cooperate with counsel in the defense of this action. Notice of the motion for withdrawal of counsel was mailed on July 15, 1968 and received by the defendants.

Maria Giaginta Del Papa filed an appearance on her own behalf on November 26, 1968. Theodore Del Papa made no contact with the Court until he filed through counsel this present motion.

By affidavits submitted by counsel it is clear that opposing counsel discussed settlement concerning plaintiff's claim versus Maria in December 1968. Messrs. Masino and McDougall filed a joint appearance on behalf of Maria on January 21, 1969.

Affidavits from both counsel are at variance as to whether Masino and McDougall had discussed settlement concerning plaintiff's claim versus Theodore, and whether they intended to enter appearances also for him.

No trial notice was sent to the defendant Theodore by either the Court or the plaintiff's counsel.

On January 23 and 24, 1969, the case proceeded to non-jury trial, and after the evidence was offered and received, this Court found in favor of Maria and against Theodore.

*Conclusions of Law*

This Court recognizes the judiciary's reluctance to enter judgments against persons without giving them an adequate and effective opportunity to be heard. This Court, however, does not believe that defendant is entitled to the discretionary relief afforded by Rule 60(b) (2).

Without resolving the conflict of testimony in counsels' affidavits, this Court believes that the defendant was under a duty to keep himself apprised of the circumstances of the case against him. While it is true that defendant Theodore was not served, he retained counsel and filed his answer denying the allegations of the complaint. Defendant received notice that his counsel would withdraw and neither approved the motion nor made a formal appearance with the Court in his own behalf as defendant Maria did.

This Court believes that the defendant has not met the burden of proof necessary to invoke this Court's discretion. This is especially true in light of the fact that the defendant's absence was not considered by the Court in returning a verdict against the defendant. Default judgment in this case is merely a technical designation because of defendant's non-appearance. Further, defendant has failed to show how he had been prejudiced by the lack of notice for trial. (Both plaintiff's counsel and the Clerk's Office apparently believed that defendant's sister, Maria, would tell him about the trial, a not unreasonable belief.)

 Rule 55(b) (2) F.R.Civ.P. has no application in the instant case since a motion for a default judgment was never made by plaintiff and, therefore, the 3-day notice was not required. Even if notice were required, this Court does not believe that defendant has shown prejudice enough to upset the judgment. United States v. Borchers, 163 F.2d 347 (2nd Cir., 1947).

#### ORDER

And now, this first day of July, 1969, it is ordered that the motion of Theodore Del Papa to set aside entry of judgment and default judgment is hereby denied.