0357

Hank WILLIAMS, a minor over the age of fourteen (14) years, By and Through his natural Mother and Guardian ad Litem, Donna WILLIAMS, and Donna Williams, Individually, Respondents, v. E. P. VEREEN,
d/b/a/ Vereen's Grocery, Appellant.

(325 S. E. (2d) 337)

Court of Appeals

*Donald B. Barkowitz,* Charleston, *for appellant.*

*B. Craig Killough,* Charleston, *for respondents.*

Jan. 7, 1985.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Judge refusing to set aside a judgment. We affirm.

Respondent Hank Williams, by his guardian *ad litem,* sued appellant E. P. Vereen, alleging Vereen had detained him without cause and against his will and clubbed him in the head rendering him unconscious while he was in Vereen's grocery store. According to the affidavit of service, the summons and complaint were served on Vereen by delivering copies at his store to one Norma Bates, an employee of Mr. Vereen's, "of age and sound discretion." No answer or other response was filed by Vereen as required by the summons, and an order of default was entered against him.

The case was then referred to the Master for Charleston County for the purpose of taking testimony and determining damages. The attorney for Williams filed a certificate of mailing, certifying that a letter was mailed to Vereen notifying him of the hearing before the Master as follows:

December 28, 1981

Mr. E. P. Vereen
Vereen Grocery & Sundries
5012 Rivers Avenue
Charleston, South Carolina
Dear Mr. Vereen:

Please be advised that a hearing has been set before the Master-in-Equity for Charleston County on the 13th day of January, 1982, in the matter of Williams v. Vereen.

Very truly yours,
B. Craig Killough

The hearing was held as scheduled but Vereen did not appear. Based on testimony presented at this hearing, judgment was ordered for Williams in the amount of $4,000 actual and $6,000 punitive damages. No appeal was taken from the order of judgment.

Following levy by the sheriff on his property, Vereen filed a motion to vacate the judgment against him pursuant to section 15-27-130 of the 1976 Code of Laws of South Carolina. In support of his motion, Vereen also filed an affidavit of his employee, Norma Bates, and his own affidavit. In her affidavit Ms. Bates said she did not recall having any papers served on her, and if any were served, she did not give them to Vereen. In his affidavit Vereen said he had no knowledge and received no notice that suit had been filed against him until he learned of the execution against his property. He further denied that he had received "notice of the date of hearing as attested by the attorney for [Williams]." However, in his affidavit Vereen admitted receiving a letter from Williams' attorney "acknowledging the existence of a controversy" and he further admitted telephoning this attorney after receiving the letter.

Williams' attorney filed his own affidavit saying that shortly before the expiration of the time to respond to the complaint, a man identifying himself as Vereen telephoned him and indicated he had received and read the summons and complaint. In his affidavit Williams' attorney further said that he advised the caller to seek the assistance of an attorney, but the caller "indicated that he would decline to do so."

Based on this record, the trial judge declined to set aside the judgment against Vereen, making four "findings": (1) that Vereen had been effectively served with the summons and complaint as per the affidavit of service, and the order of default was properly entered against him; (2) that sufficient notice was given to Vereen of the damages hearing; (3) that the amount of damages awarded to Williams was not "out of proportion"; and (4) that Vereen had notice of the order of judgment, at the latest, when he learned of the execution on his property and took no timely appeal from it.

Code section 15-27-130 provides that a party may be relieved from a judgment taken against him "through his mistake, inadvertence, surprise or excusable neglect." A motion to vacate a judgment pursuant to this Code section is addressed to the sound discretion of the trial judge, and his ruling will not be reversed on appeal absent a clear showing of abuse of that discretion. *Ledford v. Pennsylvania Life Insurance Company*, 267 S. C. 671, 230 S. E. (2d) 900 (1976). An abuse of discretion arises when an order of a lower court on a motion to vacate a judgment was controlled by an error of law or when the order is without evidentiary support. *Thompson v. Wilder*, 272 S. C. 563, 253 S. E. (2d) 108 (1979). *Em-Co Metal Products, Inc. v. Great Atlantic & Pacific Tea Co., Inc.*, 280 S. C. 107, 311 S. E. (2d) 83 (S. C. App. 1984).

We find that the record here contains evidence to support the findings of the trial judge and conclude that he committed no error of law in declining to set aside the judgment against Vereen. In reaching this conclusion, we reject the argument of Vereen that the trial judge should have received testimony in addition to affidavits which were made a part of the record. Although Vereen argues that he "suggested this course of action to the Court," the record does not contain any such suggestion or offer of proof on his part. Thus, we have not been presented a sufficient record on appeal. *See Gale v. The State Board of Medical Examiners of South Carolina*, 320 S. E. (2d) 35, 38 (S. C. App. 1984), citing *Germain v. Nichol*, 278 S. C. 508, 299 S. E. (2d) 335 (1983). We are prohibited from considering facts outside the record which have not subsequently been added in accordance with Supreme Court Rules of Practice, Rule 8, § 7.

We also reject Vereen's argument that he did not ■ receive adequate notice of the hearing before the Master to determine Williams' damages. Our Supreme Court has set out the rule for giving notice of such hearings as follows:

> Problems growing out of such hearings convince us that hereafter in all unliquidated-damages default hearings, even when no appearance has been made, it is the better practice for claimant's counsel to give to the defending party four days notice, as set out in § 15-9-960 of the Code, of the time and place of the hearing.

*Renney v. Dobbs House, Inc.,* 275 S. C. 562, 274 S. E. (2d) 290, 293 (1981).

In our opinion, the notice given to Vereen here was sufficient to comply with this rule under the circumstances. While Vereen argues the notice was defective because it does not give the Master's street address or the time of day of the hearing, he does not contend he could not find the Master on the date of the hearing or made any effort to do so. Neither does the record reflect that he ever came to the Master's chambers at any time on the date of the hearing.

Finally, we reject the argument of Vereen that the ■ judgment entered against him should be vacated because the damages awarded were "out of proportion and excessive when viewed in light of the testimony offered at the hearing of damages." Although Code section 15-27-130 provides no basis for vacating a judgment on this ground, our Supreme Court has held that a judgment should be vacated on general equity principles where the award is patently and greatly out of proportion to the wrongs alleged in the complaint. *Renney,* 274 S. E. (2d) 290, 292, citing 46 Am. Jur. (2d) *Judgments* § 807 (1969). However, in our opinion, no compelling equity exists here entitling Vereen to this relief.

For these reasons the order of the trial judge is

Affirmed.

GARDNER and BELL, JJ., concur.