1155

Donald GOODSON, Respondent v. AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA, Appellant.

(368 S. E. (2d) 687)

Court of Appeals

*Robert T. Williams,* of *Williams & Brink,* Lexington, *for appellant.*

*John A. Mason,* Columbia, *for respondent.*

Heard March 22, 1988.

Decided May 9, 1988.

SHAW, Judge:

Donald Goodson commenced an action against appellant, American Bankers Insurance Company of Florida, hereinafter American. From a denial of a motion to set aside the judgment, American appeals. We affirm.

American, through its agents, Rick and Sharon O'Rear, posted an appearance recognizance bond for Goodson. In exchange, Goodson agreed to pay American a certain sum, and as security for the debt, Goodson permitted the O'Rears to hold his truck. The O'Rears subsequently sold the truck although Goodson claimed to have paid and worked off the debt owed. As a result, Goodson sued American on various theories.

Goodson's summons and complaint were served on the South Carolina Department of Insurance which accepted service and forwarded these documents to Norman I. Weil, an attorney for American. A timely answer was served and filed, signed by Ms. O'Rear as agent for American. However, the answer did not state an address. In April of 1986, Goodson's attorney sent requests for admissions and interrogatories to both Ms. O'Rear and Mr. Weil which apparently were never answered. The record also reflects a letter was sent to Ms. O'Rear and Mr. Weil in September of 1986 informing

them the case would be coming to trial soon.[1] On October 2, 1986, the case was heard before a jury. American did not appear at the trial and was not represented by counsel. The jury returned a verdict in favor of Goodson for $34,800 actual damages and $15,200 punitive damages.

I.

American contends the trial judge erred in refusing ■ to set aside the judgment for excusable neglect under Rule 60 of the South Carolina Rules of Civil Procedure claiming it received no notice of the trial. Rule 60(b)(1) S.C.R.C.P. provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ...

Although most often used when relief is sought from a judgment by default, Rule 60(b)(1) applies to any final judgment. See H. Lightsey, J. Flanagan, *South Carolina Civil Procedure*, 398-399 (2nd Ed. 1985). Relief under this section is within the sound discretion of the trial judge and will not be disturbed absent a clear abuse of that discretion. *Id.* at 399. Such an abuse arises when the judge issuing the order was controlled by an error of law or when the order, based upon factual conclusions, is without evidentiary support. *Id.* (See also *Ledford v. Pennsylvania Life Insurance Co.*, 267 S. C. 671, 230 S. E. (2d) 900 (1976) and *Ricks v. Weinrauch*, 293 S. C. 372, 360 S. E. (2d) 535 (Ct. App. 1987). While these cases deal with the trial court's discretion in setting aside default judgments, the principles are equally applicable to motions for relief from any final judgment.)

American points to no error of law by the trial judge. Rather, it contends the trial judge abused his discretion in finding there was no excusable neglect which would warrant setting aside the judgment. We disagree.

---

[1] A letter from Mr. Weil to a Mr. Nowosad of American indicates Mr. Weil had notified American of the suit but had not been retained to handle it.

Whether American received notice of the impending trial is not clear. Goodson claims to have sent notice. American claims it never received any. However, it is clear that American's own neglect was the cause of any such problem. First, the answer was signed by Ms. O'Rear and not an attorney. Contrary to Rule 11 of the South Carolina Rules of Civil Procedure, Ms. O'Rear did not give an address on the answer.[2] Secondly, a party has a duty to monitor the progress of his case. Lack of familiarity with legal proceedings is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney. (See H. Lightsey, J. Flanagan, *South Carolina Civil Procedure*, 400 (2nd Ed. 1985) and *McCall v. A-T-O, Inc.*, 276 S. C. 143, 276 S. E. (2d) 529 (1981)). Any neglect resulted from American using Ms. O'Rear, a layman, in defending the case. In our opinion, the facts of this case do not amount to excusable neglect.

## II.

American next contends the trial judge erred in refusing to set aside the judgment, as the verdict rendered by the jury was excessive. American asserts the actual damages were limited to $8,820, the amount prayed for by Goodson, yet the jury returned a verdict of $34,800 in actual damages. It bases this contention on two arguments.

A. American claims under Rule 55(b)(1) of the South Carolina Rules of Civil Procedure, it was entitled to be served with written notice of the application for judgment at least three days prior to the hearing and it received no such notice. American summarily claims its nonappearance at trial constituted a default situation. We disagree.

Rule 55(a) of the South Carolina Rules of Civil Procedure states, "When a party against whom a judgment for affirmative relief is sought has failed to *plead or otherwise defend* ... the clerk shall enter his default upon the calendar." (emphasis added). In the instant case, American had not "failed to plead" and no default was entered by the clerk.

---

[2] S.C.R.C.P. 11 provides in part, "A party who is not represented by an attorney shall sign his pleading and state his address."

Further, Rule 55(b) provides for written notification where there has been an application for judgment by default. There was no such application. The case went before a jury and a full trial was held on the matter.

B. In finding the judgment should not be set aside for an excessive verdict, the trial judge correctly relied on Rule 54(c) of the South Carolina Rules of Civil Procedure. That rule provides:

> A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

American argues, while the trial judge was correct on the law, he was incorrect in his finding that Goodson was entitled to such relief. The trial judge stated, "It appears from the testimony presented at the trial, and I so find and rule, that the damages awarded by the jury are consistent with the case presented by the plaintiff, and are in accord with the relief to which plaintiff was entitled under the evidence." We do not have the transcript of the trial before us and, therefore, cannot second guess the finding of the trial judge. The appellant is responsible for compiling an adequate record from which this court can make an intelligent review. We will not consider facts that do not appear in the transcript of record. *Windham v. Honeycutt,* 290 S. C. 60, 348 S. E. (2d) 185 (Ct. App. 1986).

Affirmed.

CURETON, J., concurs and dissents in separate opinion.

GOOLSBY, J., concurs in separate opinion.

CURETON, Judge (concurring and dissenting):

American moved to set aside Goodson's judgment apparently under equity principles and under Rules 59[1] and 60 of the South Carolina Rules of Civil Procedure based on: (1) its

---

[1] I cannot discern American's argument under Rule 59.

failure to receive notice of the hearing in accordance with Rule 55(b)(1); (2) mistake, inadvertence and/or excusable neglect under Rule 60(b)(1); and (3) excessiveness of the jury verdict.

## I.

American argues the trial court erred as a matter of law in holding Goodson's judgment was not a default judgment. Moreover, it argues that because the judgment is a default judgment, it was entitled to three days' notice of Goodson's application for the judgment and his failure to give such notice makes the judgment void and it should be set aside under Rule 60(b)(4).

It is clear default may result from delicts other than failure to file an answer. In fact, Rule 55(a) provides for the entry of default when a party fails to *"otherwise defend."* There is some disagreement among the federal courts whether under similar circumstances a defendant is entitled to default status as opposed to the plaintiff being entitled to proceed to obtain a judgment based on a trial on the merits in the defendant's absence.[2] The logical basis for this disagreement seems to be that a defendant who files an answer, but fails to appear or defend thereafter, should not be penalized more severely than a defendant who does absolutely nothing. By way of illustration, if American had done nothing in this case, Goodson's recovery of actual damages under Rule 54(c) could not have exceeded the amount stated in his complaint which was $8,820.00.

Although there appears to be authority for the proposition that a failure to appear at trial after answering the complaint should entitle a defendant to default status, the majority view appears to permit the plaintiff to proceed to judgment on the merits.[3] *See* 11A *Words and Phrases* "Default" 272-274 (1971); *Coulas v. Smith*, 96 Ariz. 325, 395 P. (2d) 527 (1964); *Tartaglia v. Del Papa*, 48 F.R.D. 292 (E.D.Pa.

---

[2] *See* 6 J. Moore, W. Taggert and J. Wicker, *Moore's Federal Practice* Section 55.02[3], n. 12 (2d ed. 1987).

[3] The question of whether a defendant received notice of the hearing at which he failed to appear is another issue. Failure of a defendant to receive such notice may give rise to right of new trial for the defendant. *Sijon v. Green*, 289 S. C. 126, 345 S. E. (2d) 246 (1986).

1969). I, therefore, agree with the majority that the judgment at hand was not a default judgment. Thus, Rule 55 is inapplicable.

In *Sijon v. Green*, our Supreme Court held:

> [W]here a judgment roll does not contain evidence that a party-litigant received notice of the hearing or trial and a judgment is rendered, the absent party, upon motion, is entitled to a judicial determination of whether he received proper notice. If it be determined that the party received such notice, the judgment remains; if not, the absent party is entitled to a new trial.

289 S. C. at 128, 345 S. E. (2d) at 248. In the case at hand, the trial court made no finding whether American received notice of the hearing. In fact, he reasoned that any lack of notice was the fault of American since its agent Sharon O'Rear failed to list her address in the pleadings and American failed to keep abreast of the progress of the trial roster to determine when the case would come to trial. The *Sijon* court did not have before it the question of whether the notice of hearing could be waived by the defendant. To that extent, the holding in *Sijon* is inapposite.

The record contains no showing why American did not list its address on its pleadings or keep abreast of the trial roster. Therefore, it has not sustained its burden of showing the trial judge abused his discretion in failing to find excusable neglect. *Em-Co Metal Products, Inc. v. Great Atlantic & Pacific Tea Co.*, 280 S. C. 107, 311 S. E. (2d) 83 (Ct. App. 1984).

## II.

Nevertheless, I am persuaded by American's argument that the excessiveness of the verdict provides a basis for relief from judgment. Although Rule 60 provides no basis for setting aside a judgment on this ground, our Supreme Court has held that a judgment should be vacated on general principles of equity where the award is patently and greatly out of proportion to the wrongs alleged in the complaint. *Renney v. Dobbs House, Inc.*, 275 S. C. 562, 274 S. E. (2d) 290 (1981); *Williams by and through Williams v. Vereen*, 284 S. C. 219, 325 S. E. (2d) 337 (Ct. App. 1985). In *Renney*, the

appellant based his motion to vacate on *S. C. Code Ann.* Section 15-27-130 (1976).[4] The Supreme Court, on its own motion, vacated the judgment on equitable grounds stating:

> "Whether a defendant is or is not in default, it is incumbent upon the judge and/or the jury to make a judicial determination of the amount recoverable based on the proof."

275 S. C. at 567, 274 S. E. (2d) at 293.

Here, Goodson itemized his actual damages in his complaint as amounting to $8,820.00.[5] While we have no hint of why or how the jury awarded $34,000 in actual damages, it is implicit American's non-appearance at trial had something to do with the amount of the verdict. I would hold the actual damages award is so patently out of proportion to the wrongs alleged in the complaint, that this court should do as our Supreme Court did in *Renney*, and reverse and remand the case for a new trial on actual damages only.

The majority cites Rule 54(c) as support for upholding the excessive actual damages award. I agree that in an ordinary non-default trial of a case, a party's pleadings should not preclude relief for which the party is justly entitled. However, where as here, Goodson itemizes his actual damages, it is unduly prejudicial to American for the court and jury to award actual damages grossly in excess of those specified in the complaint. As to those damages, American had absolutely no notice Goodson was claiming them. *See United States v. Hardy*, 368 F. (2d) 191 (10th Cir. 1966) (party had no notice other party was claiming damages because no plain statement appeared in either pleadings or pretrial order). Goodson notes the law has always been that a party is entitled to fully recover all damages incurred, although not demanded in his complaint, citing former Code Section 15-35-70 and cases enumerated thereunder especially the case of *Christopher v. Christopher*, 18 S. C. 600 (1882). But attention is directed to the case of *Straub v. Screven*, 19 S. C. 445 (1883) which holds that where a complaint stated

---

[4] Repealed by Act 100, 1985 *S. C. Acts* 277. Now replaced by S.C.R.Civ.P. 60.

[5] While not required, Rule 8(a) permits a plaintiff to demand a sum certain in money as actual damages.

amounts due and credits allowed and demanded judgment for a certain sum, and the answer admitted the allegations, it was error for the trial judge to reduce the credits and give judgment for a larger sum. I would reverse and remand for a new trial on actual damages only.

GOOLSBY, Judge (concurring):

I concur in the opinion of Judge Shaw.

Regarding Judge Cureton's view that the case should be remanded for a new trial on the issue of damages alone, the trial judge, as Judge Shaw points out, made an express finding that the proof supported the amount recovered. Nothing in the record shows otherwise. Indeed, the reason why we have as Judge Cureton stated, "no hint of why or how the jury rewarded $34,000 in actual damages," is because the appellant failed to provide us with a proper record.

Moreover, neither of the appellant's two exceptions fairly raise the issue of whether the damages awarded were excessive because their amount exceeded the amount itemized in the complaint. Ordinarily, if a question is not asked of us, we do not answer it.