THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Roosevelt Brown,       
Appellant.
 
 
 

Appeal From Lancaster County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2003-UP-133
Submitted January 10, 2003  Filed February 
 19, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, of 
 Columbia; for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy 
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles 
 H. Richardson, Senior Assistant Attorney General Harold M. Coombs, Jr., all 
 of Columbia; and Solicitor John R. Justice, of Chester; for Respondent.
 
 
 

PER CURIAM:  Roosevelt Brown appeals his 
 conviction for failure to stop for a blue light.  We affirm.
FACTS/PROCEDURAL HISTORY
On February 12, 2000, Officer Davis, a 
 police officer for the city of Lancaster, observed a red Pontiac Grand-Am.  
 Davis saw a black male get into the drivers seat of the Grand-Am and drive 
 away.  Davis had previously been informed that a man named Roosevelt Brown was 
 driving under suspension and was driving a red Pontiac.  Davis followed the 
 red Pontiac, but never activated his blue lights and eventually lost sight of 
 the vehicle.  
Davis radioed Officer Mullins, another police officer 
 on duty, and gave a description of where he had last seen the Grand-Am.  Mullins 
 testified at trial that he was familiar with Roosevelt Brown and knew him by 
 sight.  After Davis radioed Mullins, Mullins observed the red Grand-Am stopped 
 at an intersection.  He recognized the driver as Roosevelt Brown.  Mullins followed 
 Brown for a short distance and called dispatch to verify Browns tag number.  
 Mullins activated his blue lights.  He testified that he was within a couple 
 of car lengths of Browns car when he turned his lights on.  He never turned 
 his siren on.  
Mullins testified that Brown accelerated a little 
 after the blue lights were activated.  He also testified that Brown looked back 
 in the mirror and that one of the passengers turned around.  Brown made several 
 turns before eventually stopping in a church parking lot.  As soon as the car 
 was stopped, Brown got out of the car and ran on foot.    
Brown was found guilty of failure 
 to stop for a blue light by a Lancaster County jury.  He was sentenced to two 
 years.  Brown appeals.
LAW/ANALYSIS
On appeal, Brown argues that the trial 
 court erred in failing to grant a directed verdict in Browns favor.  This issue 
 is not preserved for our review.
We have thoroughly reviewed the transcript 
 contained in the record on appeal and are unable to find any indication that 
 a motion for a directed verdict was made.  The appellant is responsible for 
 compiling an adequate record from which this [C]ourt can make an intelligent 
 review.  Goodson v. Am. Bankers Ins. Co. of Fla., 295 S.C. 400, 404, 
 368 S.E.2d 687, 690 (Ct. App. 1988).  
Browns brief states: After the State 
 rested, the trial court failed to grant a directed verdict to the charge of 
 failing to stop for a blue light.  We are unable to discern from the record 
 if this motion was actually made and whether or not this motion was renewed 
 at the end of Browns case.  A motion for a directed verdict made at the close 
 of the [states] case is not sufficient to preserve error unless renewed at 
 the close of all the evidence, because once the defense has come forward with 
 its proof, the propriety of a directed verdict can only be tested in terms of 
 all the evidence.  State v. Harry, 321 S.C. 273, 277, 468 S.E.2d 76, 
 79 (Ct. App. 1996).   
For the foregoing reasons, we hold that 
 this issue is not preserved for our review and the decision of the trial court 
 is 
 AFFIRMED.
 HEARN, C.J., GOOLSBY, and SHULER, JJ., 
 concur.