THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Albert Gerald Graham,       
Respondent,
 
 
 

v.

 
 
 
Joyce Carlene Graham,       
Appellant.
 
 
 

Appeal From Horry County
Mary E. Buchan, Family Court Judge

Unpublished Opinion No. 2004-UP-046
Submitted November 19, 2003 – Filed January 21, 2004

AFFIRMED

 
 
 
Scott A. Graustein, of Conway, for Appellant.
Charles Edward Parrish, of Conway, for Respondent.
 
 
 

PER CURIAM:  Joyce Carlene Graham (Wife) appeals from the family court’s 
 order of separate support and maintenance, in which the court determined child 
 custody and support, equitable division of the marital estate, and attorneys’ 
 fees.  We affirm.  
FACTUAL AND PROCEDURAL BACKGROUND
The Wife and Albert Gerald Graham (Husband) 
 were married February 16, 1996.  They have one child together, who was born 
 May 20, 1995.  On September 6, 2001, the Husband was arrested for criminal domestic 
 violence.  At this time, the Wife moved with the child to Haines City, Florida.  
 She filed a petition for an injunction for protection against domestic violence 
 in Polk County, Florida on September 19, 2001.  The Florida court issued a temporary 
 order that same day granting the wife temporary custody of the child.
The Husband brought this action September 
 28, 2001 in the Horry County, South Carolina family court seeking a divorce 
 on the ground of habitual drunkenness.  In the alternative, he requested an 
 order of separate support and maintenance.  He also requested custody of and 
 support for the child, equitable distribution of the marital estate, including 
 possession of specific items, and attorneys’ fees and costs.
After conferring with the Florida court, 
 the South Carolina family court determined it had jurisdiction of this matter 
 in regards to custody, visitation, child support, and possession of any marital 
 assets, as well as other related matters.  Accordingly, an evidentiary hearing 
 scheduled for December 12, 2001 in Florida was cancelled.  The South Carolina 
 family court held a temporary hearing November 27, 2001.  The Wife was not present.  
 The court granted the Husband temporary custody of the child with the wife receiving 
 visitation.  
The Wife subsequently filed an answer 
 to the Husband’s complaint requesting custody of and support for the child, 
 equitable distribution, alimony, and attorney’s fees and costs.  She also requested 
 the court grant her a divorce on the grounds of physical abuse. 
A final hearing was scheduled for May 
 20, 2002.  Prior to the hearing, the parties’ attorneys informed the court that 
 a settlement had been reached.  However, upon questioning of the Wife, the court 
 determined that she was not entering into the agreement freely and voluntarily.  
 The court adjourned the hearing and a new trial date was set for August 12-13, 
 2002.  During the May 20 hearing, the wife asked that her attorney be relieved 
 as counsel.  The court granted the request, but warned her that the securing 
 of additional counsel would not be grounds for a continuance nor would the hearing 
 be continued at the new counsel’s request.  In its order, the court reiterated 
 that the wife would not receive a continuance to find counsel or for her new 
 counsel to prepare.
In this order, the court retroactively 
 appointed the guardian ad litem who had already been working on the case.  It 
 ordered the Husband to pay $600.00 of the guardian’s fees and the Wife to pay 
 $1200.00 of the fees within 30 days of the hearing.  It also ordered the Wife 
 to pay $2,337.00 of the Husband’s attorneys’ fees incurred in preparation of 
 the postponed hearing.  
At the hearing held August 12, 2002, the Wife informed 
 the family court that she had been unable to obtain counsel and requested that 
 she be allowed to find representation.  The Husband opposed the request for 
 a continuance and the guardian ad litem took no position on the issue.  The 
 family court denied the request and proceeded with the hearing.  
In its final order, the family court held the Husband 
 had failed to carry his burden of proof in regards to a divorce on the grounds 
 of habitual drunkenness.  Therefore, it granted the parties an order of separate 
 support and maintenance.  It awarded the Husband custody of the child with the 
 Wife receiving visitation.  It ordered the Wife to pay child support through 
 the court.  It set the parties’ responsibilities for the child’s medical care 
 costs.  The court divided the marital estate and provided for set-offs from 
 the estate of funds the Wife owed the Husband.  The court authorized either 
 party to request a drug test from the other, with the requesting party being 
 responsible for the cost of the test unless the results were positive.  The 
 court ordered the Husband to pay $2,300.00 of the guardian’s fees and the wife 
 pay $800.00 of the fees within 30 days of the trial.  Finally the court ordered 
 that the parties are "restrained from contacting, harassing, threatening, or 
 molesting one another.”  This appeal followed.  
STANDARD OF REVIEW
In appeals from the family court, this 
 court may find facts in accordance with its own view of the preponderance of 
 the evidence.  Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 
 157, 160 (1992).  However, this broad scope of review does not require us to 
 disregard the family court’s findings or relieve the appellant of the burden 
 of convincing us the lower court committed error.  Stevenson v. Stevenson, 
 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  Nor do we ignore the fact that 
 the trial court, which saw and heard the witnesses, was in a better position 
 to evaluate their credibility and assign comparative weight to their testimony.  
 Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).
DISCUSSION

 I.   Continuance

The wife argues the family court erred in denying 
 her request for a continuance to allow her to find representation.  We disagree.  

A decision whether to grant or deny a motion for 
 continuance rests within the sound discretion of the trial court.  Jackson 
 v. Speed, 326 S.C. 289, 309, 486 S.E.2d 750, 760 (1997).  We will not reverse 
 the trial court without a clear showing of an abuse of discretion.  Id.
The final hearing in this matter would have been 
 held May 20, 2002 except the Wife balked at entering into the settlement agreement 
 and asked that her attorney be relieved as counsel.  Although the family court 
 granted this request, it warned the Wife that the securing of additional counsel 
 would not be grounds for a continuance nor would the hearing be continued at 
 the new counsel’s request.  In its order, the court reiterated, "[I]n the event 
 the [Wife] retains an attorney for the August 12th and 13th 
 hearing, she must do so in a timely fashion, and the hiring of a new attorney 
 will not be grounds for the [Wife] to seek another continuance.”  The Wife had 
 almost three months to secure new counsel, but failed to do so.  She stated 
 she had spoken to seven different attorneys, five of whom had conflicts and 
 the other two were on vacation at the time of the hearing.  We find the Wife 
 was aware that she would not receive additional time to either search for new 
 counsel or for new counsel to prepare for the hearing.  Considering the adequate 
 time the Wife had to obtain new counsel, we find the family court did not abuse 
 its discretion in denying the Wife’s request for a continuance.  
The Wife also argues the family court erroneously 
 held that it was bound by the prior order and did not exercise its own discretion.  
 As the wife failed to raise this argument to the family court, it is not preserved.  
 Hatfield v. Hatfield, 327 S.C. 360, 489 S.E.2d 212 (Ct. App. 1997) (issue 
 must be raised to and ruled on by family court to be preserved for review).

 II.    Due process

The Wife argues the family court denied her federal 
 right to procedural due process because she did not receive adequate notice 
 that she would be required to proceed pro se at the August 12, 2002 hearing.    
 The issue was not raised to the family court.  Therefore, it is not preserved.  
 In re McCracken, 346 S.C. 87, 551 S.E.2d 235 (2001) (stating constitutional 
 claim must be raised and ruled upon to be preserved for appellate review). 

 III.   Jurisdiction

The Wife argues the family court granted the parties 
 a limited divorce, which it lacks jurisdiction to do.  We disagree.  
The family court has exclusive jurisdiction to 
 hear and determine actions: 

For divorce a vinculo matrimonii, separate support and maintenance, 
 legal separation, and in other marital litigation between the parties, and for 
 settlement of all legal and equitable rights of the parties in the actions in 
 and to the real and personal property of the marriage and attorney’s fees, if 
 requested by either party in the pleadings.

S.C. Code Ann. § 20-7-420(2) (Supp.2003).
In support of her argument that the family 
 court acted outside of its jurisdiction, the Wife calls this court’s attention 
 to where in the hearing the family court noted, "It is obvious that the parties 
 can not live together.”  However, the court did not grant the parties a limited 
 divorce.  As it clearly stated in its order, it granted them an order of separate 
 support maintenance, which is certainly within its jurisdiction to do.  

 IV.   Failure to advise wife.  

The Wife argues the family court erred in failing 
 to advise her of the consequences of not testifying at the hearing.  The Wife 
 never raised this argument to the family court.  Accordingly, it is not preserved.  
 Hatfield v. Hatfield, 327 S.C. 360, 489 S.E.2d 212 (Ct. App. 1997) (issue 
 must be raised to and ruled on by family court to be preserved for review).
Furthermore, a pro se litigant has full 
 responsibility for complying with substantive and procedural requirements of 
 the law.  State v. Burton, ___ S.C. ___, ___, 589 S.E.2d 6, 9 n.5 (2003); 
 Goodson v. American Bankers Ins. Co of Fla., 295 S.C. 400, 403, 368 S.E.2d 
 687, 689 (Ct. App. 1988) (" Lack of familiarity with legal proceedings is unacceptable 
 and the court will not hold a layman to any lesser standard than is applied 
 to an attorney.”).
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.