THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Raymond Thomas, d/b/a All-In-One Construction, Appellant,
v.
Kenneth C. Steinbronn and Shannon F. Steinbronn,
Respondents.
 
 
 

Appeal From Dorchester County
 Patrick  R. Watts, Master In Equity

Unpublished Opinion No. 2006-UP-007
Submitted December 1, 2005  Filed January 5, 2006

AFFIRMED

 
 
 
Laura Catherine Tesh, of Columbia, for Appellant
James A. Bell, of St. George, and James B. Richardson, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  Raymond Thomas appeals from a judgment granting Kenneth and Shannon Steinbronn damages for breach of contract.[1]  Thomas contends the trial court erred in (1) holding the trial in his absence without proper notice while a motion to be relieved as counsel was still pending, (2) awarding damages beyond the prayer sought in the complaint, and (3) in removing a mechanics lien.  We affirm.[2]  
FACTS
On July 28, 2003, Raymond Thomas (d/b/a All-in-One Construction) filed a notice and certificate of mechanics lien in the amount of $39,026.39 for property located at 169 Fisk Road in Dorchester County.  Thomas, on October 9, 2003, initiated an action to foreclose on this mechanics lien and an action for breach of contract.  The complaint alleged that Kenneth and Shannon Steinbronn breached their contract with Thomas to build their home.  The Steinbronns counterclaimed for breach of contract seeking unspecified damages, alleging that Thomass work was neither up to code nor in compliance with contract specifications.  
Due to the fact that Thomas failed and refused to bring his account current despite repeated billings, his attorney, W. Scott Palmer, moved to be relieved as counsel on June 9, 2004.  On August 26, 2004, the court granted this motion.    
On September 10, 2004, the Steinbronns attorney sent Thomas notice, by regular and certified mail to his home address, that the trial was scheduled for September 27, 2004.  Neither the receipt for the certified mail nor the letter sent via regular mail was returned to the Steinbronns attorney.  
The case was tried on September 27, 2004, and neither Thomas nor any representative for him attended.  Mrs. Steinbronn testified as to the agreement entered into with Thomas to build her home.  The total contract cost was $176,800 to be financed by Farmers and Merchants Bank (Bank).  The Bank allowed the Steinbronns to make draws under the loan, and then pay Thomas and the sub-contractors directly.  Mrs. Steinbronn further testified that payment under the first draw immediately produced a problem when Thomas admitted he erred and overcharged her for building materials.  According to Mrs. Steinbronn, there were a myriad of problems with Thomass workmanship, including:  the staircase had to be rebuilt 3 times, there were no hurricane clips or straps, the roof was not completely braced, the vents on the porch were improper, termite pre-treatment was not completed, there was insufficient block and brick support for the porches, 2 x 8 ceiling boards had more than the maximum one-third of their width cut out, ceiling joists were crooked and not nailed properly, and all the plumbing had to be replaced.    
The Steinbronns fired Thomas and hired a different contractor who they paid to repair and complete the house.  Thomass mechanics lien delayed the Steinbronns ability to attain permanent financing on their home.  The Steinbronns paid more than $11,000 in additional interest on the construction loan, as they missed out on lower permanent financing interest rates which had recently increased.  The contractor who finished the house and the Steinbronns loan officer supported Mrs. Steinbronns testimony.  
Mrs. Steinbronn testified that she and her husband paid $85,075.63 above the originally contracted amount to complete their house. The trial court entered judgment for the Steinbronns in this amount and ordered cancellation of Thomass mechanics lien.  Pursuant to Rule 60(b), SCRCP, Thomas filed an unsuccessful motion to alter or amend the trial courts decision.  This appeal followed.
STANDARD OF REVIEW
A decision to grant or deny a motion under Rule 60(b), SCRCP, is within the sound discretion of the trial court.  Bowman v. Bowman, 357 S.C. 146, 151, 591 S.E.2d 654, 656 (Ct. App. 2004) (citing Coleman v. Dunlap, 306 S.C. 491, 413 S.E.2d 15 (1992)).  On review, we are limited to determining whether the trial court abused its discretion in granting or denying the motion.  Bowman, 357 S.C. at 151, 591 S.E.2d at 656.  
LAW/ANALYSIS
I.  Notice of Trial
Thomas contends the trial court erred in holding the trial in his absence because he had not received notice.  We disagree.
Thomas claims that he did not receive notice of the September 27, 2004 hearing because he was in Florida from August 22, 2004, until October 29, 2004, repairing hurricane damage.  Evidently, neither he nor anyone else was monitoring his mail.  He also claims that when he returned, he did not find the notice in his accumulated mail.  On November 15, 2004, in an order responding to Thomass motion to alter or amend, the trial court found:

Plaintiff [Appellant] brought this suit.  He has a duty to timely prosecute it.  More particularly, he has a duty to tell the Clerk and other parties when he will be unavailable for trial.  Nothing in the record indicates he sought protection for the time he was out of state.

We agree.  A party has a duty to monitor the progress of his case, and lack of familiarity with legal proceedings is unacceptable, as the court will not hold a layman to any lesser standard than is applied to an attorney.  Goodson v. American Bankers Insurance Company of Florida, 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct. App. 1988). 
Thomas further argues that he did not receive notice because the Steinbronns attorney errantly sent notice of the trial to him and not to his attorney of record.  This argument was not part of Thomass Rule 60 motion and is thus not preserved for appeal.  See 
First Union Nat. Bank of South Carolina v. Soden, 333 S.C. 554, 568, 511 S.E.2d 372, 379 (Ct. App. 1998) (where an issue has not been ruled upon by the trial judge nor raised in a post-trial motion,
such issue may not be considered on appeal).  The argument is, in any event, without merit.  Thomas asserts that at the time the trial occurred on September 27, 2004, the motion from his attorney to be relieved as counsel was still pending.  This is not the case.  The record clearly reflects that the trial court granted Palmers motion to be relieved as counsel on August 26, 2004.  At the time the notice of trial was sent, Thomas was acting pro se.  As the case is presented to us, mailing notice to Thomas at his correct address cannot be considered improper.  It is readily apparent that the arguments advanced by Thomas in his final brief are based on the misunderstanding that the motion to relieve his counsel was still pending as of the date of the trial.  Thomas, through counsel, acknowledges this error in the reply brief.
II.  Damages
Thomas contends that the trial court erred in awarding damages beyond the prayer sought in the complaint.  We disagree.[3]  The award does not exceed the prayer for damages.  The Steinbronns asked for damages in an amount over $58,000 and for actual  damages in an amount to be determined by the court.  The suggestion that the damage award exceeds the amount prayed for in the complaint is simply not true.
III.  Mechanics Lien
Thomas contends that the trial court erred in removing the mechanics lien when it was not requested in the pleadings and no amendment was requested at trial.  We disagree.  This issue may not be preserved for appeal, but if preserved, we find no error by the trial court.[4]  
Thomas essentially abandoned his complaint (which included a claim to enforce his mechanics lien) and failed to appear at the trial.  He cannot now be heard to complain that the court ruled against him on his complaint or cry foul because the trial court did not hold his claim in abeyance.  We believe that the trial courts decision to dissolve the mechanics lien was ministerial and a consequence of resolving all issues before the court.  We find no error.    
CONCLUSION
This court finds that the trial court did not abuse its discretion in holding the trial in Thomass absence after finding that he had received proper notice, after his former counsel had been relieved pursuant to court order.  We further find that the trial court did not err in its damages award or in dissolving Thomass mechanics lien.  Based on the foregoing, the trial courts order is
 AFFIRMED.
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1] Thomass appellate counsel did not represent Thomas in the trial court.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.
[3] One feature of Thomass argument here is that the judgment rendered in favor of the Steinbronns is in essence a default judgment, and, therefore, damages cannot exceed the prayer for relief.  This specific argument was not raised in Thomass Rule 60 motion.  In fact, the default judgment argument surfaced for the first time in Thomass reply brief.  A party may not properly raise an issue for the first time in his reply brief.  We are, then, presented with another argument that is not preserved for review.  In any event, the Steinbronns never sought to invoke Rule 55, SCRCP, and hold Thomas in default for his failure to file a reply to their counterclaim.   The Steinbronns never changed the initial posture of the caseas commenced by Thomasand they pursued a trial. We adhere to the view that a partys failure to appear for trial does not transform the proceeding into a default hearing.  Besides, in the context of a default status, Rule 55 requires at least 3 days prior notice and Rule 55(b)(2) of the SCRCP states, Pursuant to Rule 5(a), notice of any trial or hearing on unliquidated damages shall also be given to parties in default by first class mail to the last known address of such party.  Notice of the hearingwhether treated as a trial or a default hearingwas properly given to Thomas at his correct address approximately two weeks in advance.  Thus, this newly asserted ground that Thomas was in default for failure to reply to the counterclaim provides no basis for relief in this court.    
[4] Thomas does not specifically refer to the mechanics lien in his post trial motion to alter or amend, but the motion does note that no credit was given for the amount due to the plaintiff.  This appears to be in reference to the money owed under the mechanics lien.