**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

SunTrust Mortgage, Inc., Respondent,

v.

Mark Ostendorff, Appellant.

Appellate Case No. 2013-002432

Appeal From York County
S. Jackson Kimball, III, Master-in-Equity

Unpublished Opinion No. 2016-UP-318
Submitted May 1, 2016 – Filed June 22, 2016

**AFFIRMED**

Mark Ostendorff, of Central, pro se.

Brian Steed Tatum, of Charlotte, North Carolina, for Respondent.

**PER CURIAM:** Mark Ostendorff appeals the master-in-equity's order finding SunTrust Mortgage, Inc. (SunTrust) was entitled to a foreclosure of its mortgage and the mortgaged property (the property) would be sold at public auction. On appeal, Ostendorff argues the master-in-equity erred in (1) allowing the hearing to proceed in his absence because he did not receive notice of the foreclosure hearing,

(2) allowing a surprise witness to testify, (3) considering SunTrust's witness credible, (4) putting the property up for sale when Ostendorff was not given notice of the sale, (5) allowing the hearing to proceed without requiring SunTrust to provide a bond on the property, (6) allowing the foreclosure hearing to proceed without taking Ostendorff's position, (7) granting foreclosure when SunTrust never provided discovery, (8) allowing the foreclosure hearing to commence while a compulsory counterclaim was being considered by the South Carolina Supreme Court, and (9) determining the judgment amount when the compulsory counterclaim was still on appeal. Additionally, Ostendorff argues he was denied due process and equal protection because he was not present at the hearing and not provided discovery. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 658, 667 S.E.2d 7, 14 (Ct. App. 2008) ("It is well settled that an issue must have been raised to and ruled upon by the [master-in-equity] to be preserved for appellate review."); Rule 60(b)(1), SCRCP ("[T]he court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."); *Goodson v. Am. Bankers Ins. Co. of Fla.*, 295 S.C. 400, 402, 368 S.E.2d 687, 689 (Ct. App. 1988) ("Although most often used when relief is sought from a judgment by default, Rule 60(b)(1) applies to any final judgment.").

**AFFIRMED.**[1]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.