**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Federal Credit Union, Respondent,

v.

Dorothy Harley Sistrunk a/k/a Dorothy Harley-Sistrunk a/k/a Dorothy A. Harley a/k/a Dorothy Sistrunk, Appellant.

Appellate Case No. 2015-001112

―――――――――

Appeal From Orangeburg County
James B. Jackson, Jr., Master-in-Equity

―――――――――

Unpublished Opinion No. 2017-UP-220
Submitted May 1, 2017 – Filed May 24, 2017

―――――――――

**AFFIRMED**

―――――――――

Dorothy Harley Sistrunk, of Orangeburg, pro se.

Cynthia Jordan Lowery and Reid Evan Dyer, both of Moore & Van Allen, PLLC, of Charleston, for Respondent.

―――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Const. art. V, § 11 ("The [c]ircuit [c]ourt shall be a general trial court with original jurisdiction in civil and criminal cases . . . ."); *Dove v. Gold*

*Kist, Inc.*, 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994) ("Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" (quoting *Bank of Babylon v. Quirk*, 472 A.2d 21, 22 (1984))); Rule 207(a)(1), SCACR (requiring the appellant to make initial arrangements in writing for ordering the transcript and paying court reporter); *Harkins v. Greenville Cty.*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (stating the appellant "ha[s] the burden of presenting [the appellate court] with an adequate record"); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Washington v. Whitaker*, 317 S.C. 108, 114, 451 S.E.2d 894, 898 (1994) ("[A] contemporaneous objection must be made to preserve an argument for appellate review."); *State v. Burton*, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) ("A pro se litigant who knowingly elects to represent [herself] assumes full responsibility for complying with substantive and procedural requirements of the law."); *Goodson v. Am. Bankers Ins. Co.*, 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct. App. 1988) ("Lack of familiarity with legal proceedings is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.