THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

DLJ Mortgage Capital, Inc., Respondent,

v.

Ameer A. Amin, Appellant.

Appellate Case No. 2015-001341

———————

Appeal From Sumter County
Richard L. Booth, Master-in-Equity

———————

Unpublished Opinion No. 2017-UP-306
Submitted June 1, 2017 – Filed July 26, 2017

———————

**AFFIRMED**

———————

Ameer A. Amin, pro se, of Sumter.

Caroline Richardson Glenn, of Brock & Scott, PLLC, of
Columbia, for Respondent.

———————

**PER CURIAM:**  Ameer A. Amin appeals (1) an order issued by the Sumter
County Master-in-Equity that denied both his motion to vacate a judgment of
foreclosure and sale granted to DLJ Mortgage Capital, Inc. (DLJ) on DLJ's motion
for summary judgment and his request to continue the hearing on that motion and
(2) a writ of assistance granted to DLJ.  On appeal, Amin argues the master erred
in allowing the foreclosure action to proceed in view of (1) DLJ's alleged failure to

rebut Amin's affidavit that there was no original note in existence and (2) Amin's constitutional challenges to the proceedings.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to any arguments regarding the underlying summary judgment order: Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 651, 661 S.E.2d 791, 795 (2008) (stating the failure to serve a notice of appeal within this time divests the appellate court of subject matter jurisdiction and results in the dismissal of the appeal).

2.  As to any arguments regarding the order denying Amin's motion to vacate the judgment of foreclosure and sale: *Bloody Point Prop. Owners Ass'n, Inc. v. Ashton*, 410 S.C. 62, 66, 762 S.E.2d 729, 731 (Ct. App. 2014) ("The determination of whether to set aside a foreclosure sale is a matter within the discretion of the trial court."); *Goodson v. Am. Bankers Ins. Co. of Fla.*, 295 S.C. 400, 402, 368 S.E.2d 687, 689 (Ct. App. 1988) (stating Rule 60(b), SCRCP, is applicable when relief from any final judgment is sought); *id.* ("Relief under [Rule 60(b)] is within the sound discretion of the trial [court] and will not be disturbed absent a clear abuse of that discretion.").

3.  As to whether a final judgment or decision should have been delayed because of Amin's constitutional challenges to the proceedings: Fed. R. Civ. P. Rule 5.1(c) ("Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier.  Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.