## 20229

John David **PRESSLEY,** Appellant, v. Dennis Ray **SUMNER,**
Respondent.

(225 S. E. (2d) 350)

*Charles B. Ridley, Jr., Esq.,* of *Ridley, Simrill & McKin-
ney,* Rock Hill, *for Appellant,*

*Heyward McDonald, Esq.,* of *Rogers, McDonald, McKenzie & Fuller,* Columbia, *for Respondent,*

June 2, 1976.

*Per Curiam:*

This action was commenced by the service, on July 1, 1975, of the summons and complaint on the defendant. The plaintiff seeks damages for personal injuries received in an automobile collision resulting from the alleged negligent driving of the defendant.

No answer or notice of appearance was made within the twenty days allowed under our statute for responsive pleadings. Thereafter, on September 23, 1975, the defendant, by and through his attorney, made a motion to be allowed to answer the complaint on the ground that failure to answer was due to mistake and excusable neglect, and that the defendant has a meritorious defense.

The motion came to be heard before the trial judge, resulting in an order dated November 17, 1975, granting the motion.

The only showing as a basis for the motion was the affidavit of the defendant Dennis Ray Sumner. It read in relevant part as follows:

"*Personally* appeared before me DENNIS RAY SUMNER, who being duly sworn, deposes and says: That he was served in Union, South Carolina, with a copy of the Summons and Complaint in the above matter and immediately took the papers to the office of Mr. Shetley in Union; That Mr. Shetley is an agent for Allstate Insurance Company but wrote the Deponent's liability insurance policy under the Assigned Risk Plan and placed it with United States Fidelity and Guaranty Company; That Deponent was informed that Mr. Shetley was at military camp so Deponent then sent the papers to him at camp by Deponent's brother but Mr. Shetley would not accept the papers at camp and the papers were returned to Deponent; That Deponent then delivered the papers back to Mr. Shetley's office while Mr. Shetley was still absent; That the papers were not sent to United States Fidelity and Guaranty Company until after twenty (20) days had elapsed. . . ."

The plaintiff has appealed, alleging error on the part of the trial judge "in allowing the defendant to reopen the default, the error being that there was no showing of any mistake, inadvertence, surprise, or excusable neglect."

We are of the opinion that the showing was insufficient to justify the finding that the negligence on the part of the defendant was excusable, and that the judge abused his discretion in granting the motion allowing the defendant to answer.

Reversed.