LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.

20623

Geleta R. LITTLE, Appellant, v. ORKIN EXTERMINATING COMPANY, INC., Respondent.

(241 S. E. (2d) 909)

306

*Barr* and *McIntosh,* of Charleston, *for Appellant,* 

*Barnwell, Whaley, Stevenson & Patterson,* of Charleston,
*for Respondent,* 

February 27, 1978.

LEWIS, Chief Justice:

Default judgment, entered against respondent, Orkin Exterminating Company, Inc., in favor of appellant in the amount of $5,928.02, was set aside pursuant to Section 15-27-130 of the 1976 Code of Laws, on the ground that the judgment was entered through respondent's mistake,

inadvertence or excusable neglect. Appellant charges in this appeal that the lower court abused its discretion in setting aside the judgment because the finding of mistake and excusable neglect was without evidentiary support. We agree and reverse.

It is undisputed that the summons and complaint in this action was properly served on the branch manager of respondent in Charleston, South Carolina, on February 4, 1977; and that on the same day appellant's counsel mailed to respondent's counsel in Atlanta, Georgia, a copy of the complaint with a letter stating: ". . . I am this day filing suit in the County Court for the County of Charleston. I am serving the summons and complaint on your local office, but have also enclosed herewith copy for your convenience."

Affidavit of respondent's Atlanta counsel states that he considered the copy of the complaint received from appellant's counsel as a "threat" copy of an unfiled lawsuit and that he concluded to await legal service of a summons and complaint before placing the matter with local counsel for defense.

According to the affidavits submitted by respondent, the summons and complaint served upon the branch manager were promptly forwarded by him to respondent's legal office in Atlanta, Georgia. Although it is conceded that respondent's legal office in Atlanta received the copy of the complaint mailed to it by appellant's counsel, it is stated that the summons and complaint, served on the branch manager and allegedly forwarded by him to Atlanta, were apparently lost in the mail and were never received. The sole excuse for respondent's failure to timely appear in this action was the alleged loss of the summons and complaint in the mail.

The branch manager of respondent states that he promptly forwarded the suit papers to Atlanta after service upon him on February 4, 1977. The record fails to show any further steps by the branch manager. Although twenty (20) days from service were allowed in which to respond to the sum-

mons and complaint, no inquiry was made by the branch manager to determine if the papers had arrived in Atlanta. Apparently he simply mailed the pleadings by regular mail to Atlanta and forgot about the matter. The record fails to show the slightest precautions in the handling of the pleadings, such as the use of registered mail to forward them to Atlanta or a simple inquiry by the branch manager to see if the papers had reached their distination.

The present record fails to show any basis for a finding of excusable neglect. The action of the lower court in setting aside the default judgment was therefore an abuse of discretion, requiring that the judgment under appeal be reversed. *Pressley v. Sumner*, 266 S. C. 606, 225 S. E. (2d) 350.

The order setting aside the default judgment in this matter is accordingly reversed and the cause remanded for entry of judgment in favor of appellant.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.