## 21412

Dennis H. McCALL, Appellant, v. A-T-O, INC., Respondent.

(276 S. E. (2d) 529)

*George T. Sink,* of Charleston, and *Larry C. Brandt,* Walhalla, *for appellant.*

*Harold A. Boney,* of *Dowling, Sanders, Dukes, Novit & Svalina,* Beaufort, *for respondent.*

March 23, 1981.

GREGORY, Justice:

This appeal is from an order vacating a default judgment in a personal injury case. We reverse and remand.

Appellant was injured January 14, 1978 when he was asked to help unload steel he had delivered to respondent's construction site in Berkeley County.

The Director of Industrial Relations for respondent's plant in Goose Creek, Paul G. Smith, immediately notified Waite Hill Services, Inc., a subsidiary of respondent in charge of litigation and claims and Traveler's Insurance Company of the injury and claim. On November 27, 1978, Travelers denied the accident was covered under either the respondent's workmen's compensation or general liability policies.

The summons and complaint commencing this action were thereafter served upon Ms. Karen Payne, secretary to the president of respondent's construction equipment division on December 8, 1978. On that same day, Ms. Payne delivered the summons and complaint to the office of Mr. Smith, who directed his secretary, Ms. Carolyn Bird, to inform the corporate risk department of respondent at Willoughby, Ohio. Ms. Bird followed these instructions by telephoning the corporate risk department, and, at their direction, she forwarded a copy of the summons and complaint to them.

On December 15, 1978, Ms. B. J. Leland of the corporate risk department directed Ms. Bird by telephone to forward copies of the summons and complaint to Travelers Insurance Co. and to Mr. Jack Mangus of Waite Hill Services in Atlanta.

Ms. Bird did not comply with these instructions on December 5, and since she was going on vacation the following week, she left written instructions for Mr. Smith, who was out of town on that date, to forward the copies of the summons and complaint to Travelers and Waite Hill Services.

Upon his return to the office on December 19 or 20, Mr. Smith found the message but did not comply. Instead, he telephoned the corporate risk department to inform them he had already contacted Travelers and Waite Hill Services concerning the claim. Mr. Smith incorrectly assumed the instructions concerning the mailing of the summons and complaint to Travelers and Waite Hill Services were no longer valid. The corporate risk department incorrectly assumed Mr. Mangus of Waite Hill Services in Atlanta would take care of the matter.

On January 5, 1979, the twenty-eighth day after service of the summons and complaint, counsel for appellant filed an affidavit of default dated January 3, 1979 and the trial judge signed the order for judgment by default.

Notice of motion and motion to vacate the default judgment were filed on October 26, 1979. A hearing was held on February 5, 1980. The trial judge, on March 28, 1980, set aside the order of judgment by default and granted respondent the right to answer on the ground the conduct of Mr. Smith constituted excusable neglect.

Appellant asserts the trial judge erred in holding respondent's failure to timely answer resulted from excusable neglect. We agree.

The lower court's determination of motions to vacate default judgments will not be disturbed absent a showing of abuse of discretion. *Stewart v. Floyd,* —— S. C. ——, 265 S. E. (2d) 254 (1980) ; *Accord, Renney v. Dobbs House, Inc.,* —— S. C. ——, 274 S. E. (2d)

290 (1981). An abuse of discretion arises in cases in which the judge was controlled by some error of law or where the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support. *Id.*

Here, the factual situation is similar to that faced by this Court in *Ledford v. Pennsylvania Life Ins. Co.,* 267 S. C. 671, 230 S. E. (2d) 900 (1976). There, the insurance company's attorney interpreted the insurance company official's letter referring the insured's file to local counsel and the local counsel's return acknowledgment to mean the local counsel was aware of the suit. This assumption was made despite the fact that the letters antedated the service of the summons and complaint by several weeks. This Court found the trial judge abused his discretion in vacating the default judgment on the basis of excusable neglect.

Respondent seeks to distinguish *Ledford* by arguing that the layman in this case should be held to a lesser standard than the lawyer in that case.

This Court has never held a layman to a lesser standard than attorneys. In *Little v. Orkin Exterminating Co.,* 270 S. C. 305, 241 S. E. (2d) 909 (1978), the branch manager of Orkin mailed copies of the summons and complaint to Orkin's legal office in Atlanta but failed to send them by certified mail. The branch manager was a layman. This Court found the manager's conduct did not constitute excusable neglect and that the trial judge's vacation of the default judgment was improper. Here, Mr. Smith did even less than the manager in *Little.* He did not even forward the pleadings to his company's counsel.

Respondent also argues Mr. Smith's lack of familiarity with legal proceedings constitutes excusable neglect. *Renney v. Dobbs House, Inc., supra,* disposes of this contention. There, this Court held failure to serve responsive pleadings within the statutory period because complainant used a dif-

ferent method of service from that utilized in other proceedings did not constitute excusable neglect. We concluded the trial judge erred in vacating the default judgment for that reason.

The trial judge's finding of excusable neglect is without evidentiary basis, thus an abuse of discretion.

Therefore, we conclude the trial judge erred in vacating the default judgment. His order is reversed and the case remanded for re-entry of the default judgment and determination of the amount of damages in accordance with the procedures set forth in *Howard v. Holiday Inns, Inc.*, 271 S. C. 238, 246 S. E. (2d) 880 (1978).

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.