THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
University of Georgia,       
Respondent,
 
 
 

v.

 
 
 
Thomas J. Michael,       
Appellant.
 
 
 

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2003-UP-054
Submitted November 20, 2002  Filed 
 January 17, 2003

AFFIRMED

 
 
 
Thomas J. Michael, of Charleston; for Appellant.
Leo A. Dryer, Jr., of Columbia; for Respondent.
 
 
 

PER CURIAM:  Thomas J. Michael appeals a 
 judgment in favor of the University of Georgia for $3,218.38 plus costs.  We 
 affirm. [1] 
FACTS
The University of Georgia brought this 
 collection action on an account due for veterinarian services rendered to Michaels 
 two dogs.  After Michael paid the original estimate, he refused to pay the balance 
 due because the dog treated for advanced cancer died, and the dog with cataracts 
 became blind following surgery.  Based on his failure to answer requests to 
 admit, the trial court granted judgment to the University for the full amount 
 due.
Initially, we address Michaels request 
 for a jury trial.  A pro se litigant who is not an attorney is not generally 
 granted greater latitude than anyone else in a judicial proceeding.  Lack of 
 familiarity with legal proceedings is unacceptable and the court will not hold 
 a layman to any lesser standard than is applied to an attorney.  Goodson 
 v. Am. Bankers, Inc., 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct. App. 1988); 
 see also McCall v. A-T-O, Inc., 276 S.C. 143, 146, 276 S.E.2d 
 529, 530 (1981) (This Court has never held a layman to a lesser standard than 
 attorneys.) 
Rule 38 (a), SCRCP, provides: The right 
 of trial by jury as declared by the Constitution or as given by a statute of 
 South Carolina shall be preserved to the parties inviolate.  Issues of fact 
 in an action for the recovery of money only . . . must be tried by a jury, unless 
 a jury trial be waived.  Rule 38(a), SCRCP (emphasis added).  
Michael did not answer the Universitys 
 Requests to Admit.  Rule 36, SCRCP provides in pertinent part:

A party may serve upon any other party a written request for 
 the admission, for purposes of the pending action only, of the truth of any 
 matters within the scope of Rule 26(b) set forth in the request that relate 
 to statements or opinions of fact or of the application of law to fact, 
 including the genuineness of any documents described in the request. . . .
. . . The matter is admitted unless, within 30 days 
 after service of the request . . . the party to whom the request is directed 
 serves upon the party requesting the admission a written answer or objection 
 addressed to the matter. . . . 
. . . The court may . . . determine that final disposition 
 of the request be made at a pre-trial conference or at any designated time prior 
 to trial. . . . 
(b) . . . Any matter admitted under this rule is conclusively 
 established unless the court on motion permits withdrawal or amendment of 
 the admission. . . .

Rule 36(a)&(b), SCRCP (emphasis added).  Failure 
 to respond to request for admissions deems them admitted.  Hatchell v. Jackson, 
 290 S.C. 256, 258, 349 S.E.2d 407, 408 (Ct. App. 1986).  It is a well-established 
 principle of law that [s]ummary judgment is appropriate when it is clear there 
 is no genuine issue of material fact, and the moving party is entitled to judgment 
 as a matter of law.  Faile v. S.C. Dept of Juvenile Justice, 350 S.C. 
 315, 323, 566 S.E.2d 536, 540 (2002); see also Shaw v. City of Charleston, 
 351 S.C. 32, 40, 567 S.E.2d 530, 534 (Ct. App. 2002). 
Thus, because all facts were deemed admitted and 
 no factual issues remained to be resolved, Michael was not entitled to a trial 
 by jury.  Moreover, as the trial court noted, the payment agreement specifically 
 stated in bold print that it was not a fee quotation but merely an estimate 
 subject to change.
The remainder of Michaels issues on appeal are 
 deemed abandoned and are affirmed pursuant to Rule 220(b), SCACR and the following 
 authorities:  First Savings Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 
 513, 514 (1994) (Appellant has abandoned his issues where he fails to provide 
 arguments or supporting authority for his assertion.  The party challenging 
 the ruling below has the burden of showing error.); Fields v. Melrose Ltd. 
 Pship, 312 S.C. 102, 106 n.3, 439 S.E.2d 283, 285, n.3 (Ct. App. 1993) 
 (An issue is deemed abandoned on appeal, and therefore, not presented for review, 
 if it is argued in a short, conclusory statement without supporting authority.); 
 Video Gaming Consultants, Inc. v. S.C. Dept of Revenue, 342 S.C. 34, 
 42 n.7, 535 S.E.2d 642, 646 n.7 (2000); Glasscock, Inc. v. U.S. Fid. & 
 Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) (South 
 Carolina law clearly states that short, conclusory statements made without supporting 
 authority are deemed abandoned on appeal and therefore not presented for review.).
AFFIRMED.
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 
 [1]           We decide this case without oral argument pursuant to Rule 
 215, SCACR.