**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gator Northridge Partners, LLC, Appellant,

v.

Ocean Woods Landscaping Company, Inc., Respondent.

Appellate Case No. 2022-001784

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

Unpublished Opinion No. 2024-UP-198
Submitted May 1, 2024 – Filed May 29, 2024

**AFFIRMED**

Oana Dobrescu Johnson, of Oana D. Johnson, Attorney at Law, of Charleston, for Appellant.

Russell Pierce Patterson and Lauren Patterson Williams, both of Russell P. Patterson PA, of Hilton Head Island, for Respondent.

**PER CURIAM:** Gator Northridge Partners, LLC (Gator) appeals a master-in-equity's order, arguing the master erred in affirming the magistrate court's denial of Gator's motion to be relieved from default judgment. We affirm pursuant to Rule 220(b), SCACR.

We hold the master did not abuse its discretion when it affirmed the magistrate's denial of Gator's motion to be relieved from default judgment because Gator did not show it was entitled to relief based on excusable neglect, mistake, or inadvertence when its employee failed to forward the summons and complaint to local counsel. *See BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b) [of the South Carolina Rules of Civil Procedure] lies within the sound discretion of the [circuit court]."); Rule 60(b)(1), SCRCP ("[T]he court may relieve a party or his legal representative from a final judgment . . . for . . . excusable neglect . . . ."); *Bowers v. Bowers*, 304 S.C. 65, 67, 403 S.E.2d 127, 129 (Ct. App. 1991) ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief."); *McClurg v. Deaton*, 380 S.C. 563, 573, 671 S.E.2d 87, 93 (Ct. App. 2008) ("[I]n determining whether to set aside a default judgment under Rule 60(b), the [circuit court] should consider the following relevant factors: (1) the promptness with which relief is sought, (2) the reasons for the failure to act promptly, (3) the existence of a meritorious defense, and (4) the prejudice to the other parties."), *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011); *McCall v. A-T-O, Inc.*, 276 S.C. 143, 145-46, 276 S.E.2d 529, 530 (1981) (holding the trial court erred in finding the failure to answer the complaint resulted from excusable neglect when an employee failed to forward pleadings to company counsel and had a "lack of familiarity with legal proceedings"); *Roche v. Young Bros., Inc. of Florence*, 318 S.C. 207, 212, 456 S.E.2d 897, 900 (1995) (concluding default did not result from inadvertence or excusable neglect when the summons and complaint never reached the registered agent or general manager of the defendant corporation); *id.* ("Losing a summons and complaint within the corporation is not a ground to set aside a default judgment."); *Bissonette v. Joseph*, 170 S.C. 407, 413, 170 S.E. 467, 469 (1933) (holding there was no proof of excusable neglect to set aside a default judgment when the defendant handed the summons to the agency representing the indemnity company insuring his car instead of an attorney).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.