**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark McAuley, Respondent,

v.

Sunshine 11, LLC d/b/a Relax Inn, Usha Patel, and Anjan Patel, Defendants,

Of which Sunshine 11, LLC d/b/a Relax Inn is the Appellant.

Appellate Case No. 2023-001173

———————

Appeal From Dillon County
J. Michael Baxley, Special Referee

———————

Unpublished Opinion No. 2025-UP-145
Submitted April 1, 2025 – Filed April 30, 2025

———————

**AFFIRMED**

———————

Sterling Graydon Davies and George C. James, III, both of McAngus Goudelock & Courie, LLC, of Columbia, for Appellant.

Kenneth Emanuel Berger, of The Law Office of Kenneth E. Berger, LLC, and Bradley L. Lanford, of Miller, Dawson, Sigal & Ward, LLC, both of Columbia, for Respondent.

——————————

**PER CURIAM:** Sunshine 11, LLC (Sunshine) appeals a special referee's order denying its motion for relief from default judgment. It argues the special referee erred because (1) the actions that led to the default judgment were attributable to excusable neglect under Rule 60(b)(1) of the South Carolina Rules of Civil Procedure and (2) the standard for relief under Rule 60(b)(1) was met because Mark McAuley did not notify Sunshine's insurance carrier of a subsequent lawsuit. We affirm pursuant to Rule 220(b), SCACR.

We hold the special referee did not abuse its discretion when it denied Sunshine's motion to set aside the default judgment because there is evidence to support its finding. *See BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [court]."); *id.* at 551, 633 S.E.2d at 503 ("An abuse of discretion arises where the [court] issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support."). McAuley, who was injured while staying at a hotel owned and operated by Sunshine, filed a declaratory judgment action, naming Sunshine and its insurer, Northfield Insurance Company (Northfield), as defendants. McAuley filed the declaratory judgment action to determine how much insurance coverage Northfield would provide for his injuries. McAuley eventually filed a tort action against Sunshine without naming Northfield as a defendant. McAuley served the summons and complaint on Sunshine's employee, who was also its registered agent; however, Sunshine did not file an answer or attend the damages hearing as the employee did not read or write English and did not understand the tort action was separate from the declaratory judgment action. We hold the employee's confusion regarding the legal proceedings in the case did not constitute excusable neglect. *See* Rule 60(b)(1), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect . . . ."); *Goodson v. Am. Bankers Ins. Co. of Fla.*, 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct. App. 1988) ("[A] party has a duty to monitor the progress of his case."); *id.* ("Lack of familiarity with legal proceedings is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney."); *McCall v. A-T-O, Inc.*, 276 S.C. 143, 145-47, 276 S.E.2d 529, 530 (1981) (explaining the trial court erred in finding excusable neglect when an employee failed to forward pleadings and had a "lack of familiarity with legal proceedings").

Further, we hold McAuley's failure to notify Northfield of the tort action does not satisfy Rule 60(b)(1), as applied in *McClurg v. Deaton*[1] because Northfield and McAuley did not engage in actions that would have made it reasonable for Northfield to believe it would have received a copy of the pleadings of the tort action once it was filed. McAuley filed his tort action against Sunshine, which was consistent with how he filed the declaratory judgment action alleging he was injured as a result of the negligence of Sunshine's employees and Sunshine. Moreover, although Northfield and McAuley discussed settlement prior to the filing of the tort action, neither Northfield nor McAuley sought or made assurances regarding notice of the filing of a tort action. *See McClurg*, 380 S.C. at 573, 671 S.E.2d at 92 ("Based on counsel's conduct and actions, it was reasonable for [the appellant's insurer] and [the appellant] to believe that any suit filed would include [the appellant] as a defendant or, at the very least, that counsel would provide [the appellant's insurer] a copy of any pleadings in the matter when filed."); *id.* at 567, 671 S.E.2d at 90 (stating the respondent filed suit against a third party after a draft complaint it had previously sent the appellant's insurer listed the appellant as a defendant); *id.* at 567, 671 S.E.2d at 89-90 (stating the respondent failed to notify the appellant it had filed a tort suit against a third party after the respondent sent the appellant's insurer a letter indicating it would file suit and send the insurer a courtesy copy of the pleadings if it had not heard from it regarding settlement and the respondent sent the insurer a copy of a complaint he had prepared and a letter indicating his "intent to 'proceed to litigation' if the matter was not soon settled").[2]

**AFFIRMED.**[3]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] 380 S.C. 563, 671 S.E.2d 87 (Ct. App. 2008), *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011).

[2] To the extent McAuley argues the special referee erred by failing to set aside the default judgment because Sunshine engaged in misconduct, we hold this argument is not preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal."); *id.* ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); Rule 60(b)(3), SCRCP (stating a court may relieve a party from a final judgment due to "fraud, misrepresentation, or other misconduct of an adverse party").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.