18815

Eddie YARBOROUGH, Respondent, v. Luther YARBOROUGH
*et al.,* Appellants
(162 S. E. (2d) 539)

*James M. Morris, Esq.,* of Manning *for Appellants,*

*Messrs. Nettles, Thomy & Floyd,* of Lake City, *for
Respondent,*

July 26, 1968.

Moss, Chief Justice.

Lexington Yarborough died intestate in Florence County on September 3, 1935, seized and possessed of a tract of land containing sixty-nine acres, more or less. At the time of his death he left surviving him as his sole heirs at law and distributees his wife, Maggie Miles Yarborough, and four sons and four daughters. On November 5, 1965, Maggie Miles Yarborough, the wife and heir at law of the said Lexington Yarborough, died intestate, leaving as her sole heirs at law and distributees her four sons and three daughters and the children of a predeceased daughter. All of the heirs at law and distributees of Lexington Yarborough, Maggie Miles Yarborough and the predeceased daughter are parties to this action.

Eddie Yarborough, the respondent herein, a son and heir at law of Lexington Yarborough and Maggie Miles Yarborough, and the owner of a one-eighth undivided interest in the aforesaid tract of land, instituted this action for partition in kind. He alleges that during December, 1949, that he improved said premises by constructing a residence on a portion of said property and has since that time made additional improvements thereon, the other heirs at law having no interest whatever in the said improvements and not having made any financial contribution to the erection thereof. He further alleges that he is entitled to possession of the said lot upon which improvements were made, apportioned and cut off as a part of his share in the division of said property.

The other heirs at law and distributees of Lexington Yarborough and Maggie Miles Yarborough filed an answer alleging that the property is so situated and of such a small tract that it would be impractical to have the same partitioned in kind and it is alleged that the premises should be sold at public auction and the proceeds thereof divided among the heirs at law and distributees as their interest may

appear. They denied the right of respondent to be reimbursed for improvements made or in the partition to have the portion of the land so improved allotted to him.

This case was referred to the Master in Equity for Florence County, who, after the taking of the testimony filed his report finding that an equitable division of the land would be impossible and that the only practical means of partition would be by a sale thereof. However, he excepted from such sale a one acre tract which he recommended be set aside to the respondent, the same being the portion of the sixty-nine acre tract upon which the respondent had constructed his residence and made other improvements. The Master found that $200.00 was the reasonable value of the said one acre so recommended to be set off to the respondent and that such sum should be charged against his share in the division of the proceeds of sale of the remaining tract. The Master further found that the other heirs at law had no interest whatever in the improvements made upon the one acre tract by the respondent because they made no financial contribution to the erection of such improvements.

The appellants excepted to the report of the Master on the sole ground:

"That the Master erred in finding that the Plaintiff should have cut off one (1) acre of land upon which alleged improvements have been made."

The exception of the appellants to the Master's Report was heard by The Honorable G. Badger Baker, Resident Judge, and, by his order of September 7, 1967, he found the exception to be without merit and confirmed and adopted the report of the Master as the decree of the court.

The appellants gave due notice of intention to appeal to this court and they set forth a single exception which is as follows:

"It is respectfully submitted that His Honor erred in overruling Defendants' exceptions to the Master's Report in that Plaintiff should not have one acre of land upon which

alleged improvements have been made cut off in kind to him in that there was no evidence that the Plaintiff, as co-tenant, believing himself sole owner and who in good faith made improvements upon the one acre."

The appellants excepted to the Master's finding that the respondent should have cut off to him the one acre of land upon which the improvements had been made but they assigned no ground of exception. The exception from the decree of the circuit judge to this court is on the ground that there was no evidence that the respondent as a cotenant believed himself sole owner and in good faith made improvements upon the one acre tract. As far as the record before us shows, the issue raised thereby is urged for the first time on appeal before this court. The exception to the Master's report did not specify the error complained of in this court nor did the exception give any reason upon which the assignment of error was predicated. The trial judge did not pass upon the issue that there was no evidence that the respondent, as cotenant, believed himself the sole owner and in good faith made improvements upon the one acre tract, nor does the record reveal that any such issue was submitted to him for decision. The question presented here was not properly before the circuit court because there was no exception to the report of the Master on this ground. *White v. Livingston,* 231 S. C. 301, 98 S. E. (2d) 534. We have held in many cases that a question not presented before or passed upon by the Master or trial judge was not properly before the Supreme Court for decision. *Cleveland v. Cleveland,* 243 S. C. 586, 135 S. E. (2d) 84, 1 A. L. R. (3d) 203. It follows that there is no question properly presented for determination by this court.

Appeal dismissed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.