0779

Stanley WINDHAM, Respondent v. Hazel M. HONEYCUTT, Appellant.

(348 S. E. (2d) 185)

Court of Appeals

*James R. Honeycutt,* Fort Mill, and *James B. Richardson, Jr.,* Columbia, *for appellant.*

*Nolen L. Brunson,* of *Hayes, Brunson and Gatlin,* Rock Hill, *for respondent.*

Heard May 28, 1986.

Decided Aug. 25, 1986.

CURETON, Judge:

This appeal involves an award of damages incidental to an order for specific performance of a land sales contract between respondent Stanley Windham and appellant Hazel M. Honeycutt. We affirm as modified.

On August 23, 1979, Honeycutt contracted to sell thirty acres of land to Windham for a total purchase price of $115,000, with a down payment of $60,000. Honeycutt subsequently refused to convey the land, and Windham commenced an action for specific performance. The South Carolina Supreme Court affirmed an earlier order by the trial court granting specific performance and remanded the case for a hearing to determine the amount of special damages, if any. *See Windham v. Honeycutt*, 279 S. C. 109, 302 S. E. (2d) 856 (1983).

The damages hearing was held before a special referee, who recommended that Windham be awarded three items of special damages: (1) $19,800, the rental value of the property from the time conveyance was due until the date of actual conveyance; (2) $7,200, the cost incurred by Windham in boarding his dogs and horses during the period conveyance was delayed; and (3) $1,500, representing the loss incurred by Windham in selling his horses at less than fair market value before the conveyance was actually made. In addition, the special referee recommended that any counter-claim or set-off requested by Honeycutt be denied.

The trial judge adopted the recommendations of the special referee in their entirety. Honeycutt appeals.

Honeycutt first argues that the trial judge erred in not offsetting the interim interest that could have been earned on the purchase price against the fair rental value awarded to Windham. We agree.

An award of fair rental value, such as the one here to Windham, cannot be correctly characterized as special damages; rather, the award is in the nature of an accounting, by which a court of equity seeks to place the parties in the same position as if the conveyance had been made when due. To achieve this, the court will award the fair rental value of the property to the purchaser on the one hand and, on the other, interest on the unpaid purchase price to the vendor. *Eliason v. Watts*, 615 P. (2d) 427 (Utah 1980); Annot., 7 A.L.R. (2d) 1204, 1206 (1949). One cannot be

awarded without the other. "The fruits of possession and the interest are mutually exclusive—there is no right upon the part of either [the purchaser or the vendor] to have both." *Bembridge v. Miller*, 235 Or. 396, 408, 385 P. (2d) 172, 178 (1963). *See also Ellis v. Mihelis*, 32 Cal. Rptr. 415, 60 Cal. (2d) 206, 384 P. (2d) 7 (1963).

Windham does not deny he had use of the purchase money during the time closing was delayed. Nevertheless, he contends that Honeycutt should be denied any set-off because of her culpability in causing the delay. We disagree. An offset for interim interest on the purchase price will be allowed even where the vendor was at fault in delaying the conveyance; however, to prevent the vendor from profiting by her wrongdoing, the offset will be limited in that the vendor cannot recover any excess of interest over rents and profits. *Eliason v. Watts, supra; Pearce v. Third Ave. Improvement Co.*, 221 Ala. 209, 128 So. 396 (1930).

Honeycutt's set-off for interim interest therefore cannot exceed $19,800, the undisputed fair rental value for the property. Interim interest is calculated at the legal rate absent a stipulation in the contract. Annot., 7 A.L.R. (2d) at 1206. Computing the interest on the purchase money due at closing ($60,000) at the legal rate of interest (8.75 percent[1]) during a delay of 44 months, we find that Honeycutt is entitled to an offset of $19,200.

Honeycutt further argues that she should be entitled to recover also the cost of repairs, maintenance and improvements she made on the property as well as the amount of taxes and insurance paid during the period in which closing was delayed. While we note that there is a split of authority as to both repair costs and taxes, *see, e.g.*, Annot., 7 A.L.R. (2d) at 1227-29, we do not decide these issues here. Although Honeycutt's testimony that she expended sums for maintenance, taxes and insurance is uncontradicted, no specific amounts appear in the record. The burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review. *Sweatt v. Norman*, 283 S. C. 443, 322 S. E. (2d) 478 (Ct. App.

---

[1] Section 34-31-20 of the Code of Laws of South Carolina, 1976.

1984). This court will not consider facts that do not appear in the transcript of record. *See Bilton v. Best Western Royal Motor Lodge,* 282 S. C. 634, 321 S. E. (2d) 63 (Ct. App. 1984).

Lastly, Honeycutt argues that the trial judge erred in awarding Windham special damages for boarding his dogs and horses during the period of delay as well as for loss on the sale of the horses. "It is clear that in addition to ordering specific performance, a court may award special damages resulting from a refusal to convey or a delay in conveying real property according to the terms of the contract." *Amick v. Hagler,* 286 S. C. 481, 486, 334 S. E. (2d) 525, 528 n. 2 (Ct. App. 1985). Special damages are those that may reasonably be supposed to have been in the contemplation of both parties, at the time of contracting, as the probable result of a breach. *Goodwin v. Hilton Head Co.,* 273 S. C. 758, 259 S. E. (2d) 611 (1979).

Honeycutt contends that she did not know at the time of contracting that Windham planned to keep dogs and horses on the land, or that he would be forced to sell the horses if the closing was delayed. However, the exceptions to the special referee's report are based solely on grounds that there was no evidence that such damages were incurred. As far as the record before us shows, the trial judge never considered whether the award of special damages was anticipated by the parties; therefore, this issue is first raised on appeal. It is well settled that a question not presented before or passed upon by the special referee or trial judge is not properly before this court. *Yarborough v. Yarborough,* 251 S. C. 375, 162 S. E. (2d) 539 (1968). Accordingly, we do not decide this issue.

Affirmed as modified.

GARDNER and GOOLSBY, JJ., concur.