1787

NORELL FOREST PRODUCTS, d/b/a Norell East, a Division of Appleby Lumber Company, Inc., Appellant v. H&S LUMBER COMPANY, Respondent.

(417 S.E. (2d) 96)

Court of Appeals

*W.E. Calloway,* of *Robinson, Mendoza, Barton & McCarthy,* Columbia, *for appellant.*

*Charles T. Smith,* of the *McNair Law Firm,* Georgetown, *for respondent.*

Heard Jan. 21, 1992; Decided Mar. 16, 1992.

Reh. Den. June 3, 1992.

GARDNER, Judge:

Norell Forest Products (Norell) sued H&S Lumber Company (H&S) on an account stated. A certified statement of the account was attached to Norell's complaint. H&S counterclaimed alleging a cause of action for breach of contract and special damages. H&S insists that its counterclaim is based on breach of contract rather than equitable indemnity. The matter was heard by the trial judge without a jury resulting in an oral order denying relief to Norell and granting H&S judg-

ment on part of its counterclaim in the amount of $2,500. We reverse and remand.

## ISSUES

The issues of merit are whether (1) the trial judge erred in refusing to grant Norell judgment on its account and (2) the trial judge erred in awarding judgment in favor of H&S on its counterclaim.

## FACTS

Attached is a statement of account prepared from purchase orders, invoices and credit memos which are of record. This statement of account reflects Norell as creditor and H&S as debtor. From this statement of account, the real issues between the parties can be understood.

The plaintiff, Norell, is a wholesale distributor of building materials, in this case mostly doors and windows built to specifications submitted on a purchase order. H&S is a retailer of building materials. This case involves the purchase of materials by H&S from Norell for a contractor named Watts. Watts had a contract to build a large house. Before construction he had a conference with representatives of Norell and H&S. The main purpose of the conference was to establish a schedule under which the materials would be delivered to the job site or to the retailer, H&S. Watts testified that Norell's agent told him (1) that it could ship the goods on a four week delivery schedule, and (2) that the goods would have to be sold through its retailer, H&S. There is no evidence of record that an agreement pertaining to liquidated damages for delay in delivery was reached between Norell and either Watts or H&S.

The "purchase orders" of record made by H&S and forwarded to Norell have written on them the words "Promised Shipping Date Four Weeks."

Norell was late in delivering a number of the orders and also delivered several orders which did not conform with the specifications required by the purchase orders.

H&S's counterclaim alleges that as a direct and foreseeable result of the breach of its [Norell's] obligations to Bruce Watts and H&S, the construction of the house by Bruce Watts was delayed, subcontractors and crews had to be rescheduled

and on occasion work came to a complete stop, thereby also increasing the cost to Bruce Watts of the labor and material used in construction of the house. There is of record, as H&S exhibit number 1, a letter from Bruce Watts d/b/a South Shore Woodworks by which he sets forth in detail the damages which he, Watts, claims that he suffered.

Watts testified that he charged $100 per day for 44 days as a penalty or "late charge" but he admitted that the owner of the house being constructed had not charged him anything for the alleged delay in finishing the construction of the house.

H&S made a book entry credit to Watts of the full amount claimed by Watts, which was $8,594.39. This figure included $4,400 as a penalty or late charge and $4,194.39 as a charge for nonconforming goods.

The trial judge at the end of the hearing entered judgment for the defendant (H&S) on Norell's complaint and entered judgment for H&S in the amount of $2,500 as compensation of the penalty part of H&S's counterclaim.

## DISCUSSION

### I.

After careful study of the testimony of both parties, we conclude that H&S owes Norell $6,849.98 on its complaint for account stated. As noted, the trial judge entered judgment for H&S on Norell's complaint. We reverse.

On oral argument, we requested that the parties summarize their positions on a one-page statement and forward the statement to the Clerk of this Court. The parties did this. Although Norell failed to give credit for the first credit memo $1162 in the amount of $1,110.36, it does include this amount in its figure of "received on account" which it states as $14,103.65; thus both parties concede that H&S owes Norell $6,849.98 before consideration of H&S's counterclaim. The trial judge, therefore, erred in finding for the defendant on Norell's complaint and this holding is reversed. Rule 52(b) SCRCP provides in part.

> When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings *may thereafter be raised whether or not the party raising the question has made in*

*the trial court an objection to such findings or has made a motion to amend them or a motion for judgment.*

Under this rule, we hold that it was unnecessary in this trial before a judge without a jury for Norell to make a motion for judgment (directed verdict). We hold that under 52(b) SCRCP this Court may hold, in cases such as this one, that the trial court erred in failing to direct a verdict and that on remand judgment be entered in accordance with the decision being written.

We hold that the question presented and the argument made in Norell's brief presents the question of whether the trial judge erred in refusing to grant Norell judgment on its account. Since the parties both agree that H&S owes Norell $6,849.98, this Court mandates that upon remand, judgment shall be entered for Norell in the amount of $6,849.98.

## II.

It has long been the law of this State that if the wrongful act of a defendant has involved the plaintiff (or a defendant asserting a counterclaim, as in this case) in litigation with others or placed him in such relation with others so that it becomes necessary for him to incur legal expenses to protect his interests, such expenses should be treated as the legal consequence of the original wrongful act and might be recovered. Our courts have held that the recovery might be had at law in the form of consequential or special damages or in equity in the form of equitable indemnity. *See Griffin v. Van Norman,* 302 S.C. 520, 397 S.E. (2d) 378 (Ct. App. 1990).

Counsel for H&S elected to proceed at law asserting a breach of contract between it and Norell and it and Watts. We note that Watts is not a party to this action.

"Special damages" are those which may be reasonably supposed to have been in the contemplation of both parties at the time they contracted as a probable result of the breach. *Windham v. Honeycutt,* 290 S.C. 60, 348 S.E. (2d) 185 (Ct. App. 1986).

There is nothing of record to indicate that the parties to this action or Norell and Watts agreed on a figure for liquidated damages. We, therefore, hold that a penalty of $100 per day

cannot reasonably be supposed to have been contemplated by the parties to this action when they contracted. The question then is whether acceptable evidence was offered by H&S to prove that Watts made a reasonable, non-fraudulent, and acceptable charge of $100 per day penalty for late delivery.

No substantial recovery may be based on mere guesswork or inference. Recovery must be supported by evidence of facts, circumstances, and data justifying an inference that the damages awarded are a just and reasonable compensation for the injury suffered. When compensatory damages are susceptible of proof with approximate accuracy and may be measured with some degree of certainty, they may be proved. On the other hand, no recovery may be based on mere guesswork, inference, or conjecture. *See* 25 C.J.S. *Damages* Section 28 (1966).

If H&S had elected to proceed in an action of equitable indemnity or to argue that it was the basis upon which the trial judge entered judgment, we would have a different situation as is noted in *Griffin v. Van Norman, supra*. There this Court held that in cases where the action is one for equitable indemnity, recovery may be had upon consideration of the three factors therein set forth.

We hold that Watts' claim for a "penalty" charge of $100 per day is not sustainable under the circumstances of this case. Importantly, Watts was not charged a penalty by the home owner with whom he had contracted. This claim for a "penalty" is not supported by record evidence of facts, circumstances, and data justifying an inference that the "penalty" amount is a just and reasonable compensation for damages suffered by Watts and credited Watts by H&S. It is to be remembered that there is no evidence of record of an agreement for liquidated damages caused by delay in delivery.

We, accordingly, hold that the trial judge erred in awarding damages for the "penalty" credit given to Watts by H&S.

## CONCLUSION

For the above stated reasons, we hold that the trial judge erred in finding for the defendant on Norell's complaint and reverse this holding.

We hold, for the reasons given, that Norell is entitled to

judgment on its complaint in the amount of $6,849.98 because the parties agree that Norell is owed that amount before consideration of H&S's counterclaim.

We also reverse the order of the trial judge wherein he ■ awarded damages to H&S on the "penalty" claim. We hold this for two reasons. First, there is no evidence of record to support the proposition that the parties, at the time they contracted, contemplated liquidated damages; and for the additional reason that there is no evidence of record of facts, circumstances, and data justifying an inference that the "penalty" amount is a just and reasonable compensation for damages due to delay in delivery suffered by Watts and credited Watts by H&S. We, accordingly, reverse the award and entry of judgment of $2,500 in the form of "penalty." We note that the trial judge did not find for H&S on its counterclaim for nonconforming goods and that no appeal was taken from this finding.

Accordingly, the appealed judgment is reversed and the case is remanded for entry of judgment in accordance with this decision.

Reversed and remanded.

BELL and CURETON, JJ., concur.

We note that the total of the footnoted credits amount to $4,313.71.

| Invoice No. | Debit | Credit | Balance |
|---|---|---|---|
| 2985 | 773.56 | | 773.56 |
| 3219 | 305.48 | | 1,079.04 |
| 3786 | 5,150.92 | | 6,229.96 |
| 4113 | 496.65 | | 6,726.61 |
| 4257 | 2,296.25 | | 9,022.86 |
| 4268 | 12,017.60 | | 21,040.46 |
| 4356 | 460.62 | | 21,501.08 |
| 3219 | | 305.48[1] | 21,195.60 |
| 3786 | | 508.48[2] | 20,687.12 |
| 4501 | 1,364.79 | | 22,051.91 |
| 4793 | 1,183.69 | | 23,235.60 |
| 5201 | 107.42 | | 23,343.02 |
| Pmt Rec'd | | 12,993.29 | 10,349.73 |
| Memo 1162 | | 1,110.36[3] | 9,239.37 |
| 1162 | | 2,389.39[4] | 6,849.98 |
| AMOUNT DUE | | | $6,849.98 |

[1] Credit for nonconforming goods.
[2] Credit for nonconforming goods.
[3] Credit for nonconforming goods.
[4] Credit for nonconforming goods.