578 S.E.2d 27

**In the Matter of the CARE AND TREATMENT OF John Foley KENNEDY, Appellant.**

**No. 3603.**

Court of Appeals of South Carolina.

Heard Jan. 15, 2003.

Decided March 3, 2003.

Elizabeth Fielding Pringle, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Deputy Attorney General Treva Ashworth, Assistant Attorney General Deborah R.J. Shupe, Assistant Attorney General Steven G. Heckler, all of Columbia, for Respondent.

HEARN, C.J.:

The State petitioned to have John Foley Kennedy committed to the Department of Mental Health (DMH) as a sexually violent predator under S.C.Code Ann. § 44–48–100 (Supp. 2001). After a bench trial, the court found beyond a reasonable doubt that Kennedy was a sexually violent predator and committed him to the DMH. We affirm.

## FACTS

In March 1991, Kennedy pleaded guilty to committing a lewd act on a child and received a suspended sentence. The sentence was later revoked. In 1996, he entered two *Alford* pleas to committing a lewd act on a child under the age of fourteen. The first victim was a young girl, approximately two years of age. The second victim was a boy about one year old. He was sentenced to six years incarceration suspended upon service of five years probation.

On January 5, 1999, the State petitioned for a finding of probable cause that Kennedy was a sexually violent predator. On July 26, 1999, the judge entered an order finding probable cause existed and ordered that Kennedy be taken into custody. After a probable cause hearing, Kennedy was ordered to undergo a psychiatric evaluation. Kennedy was evaluated by the State's expert witness, Dr. Donna Schwartz–Watts, in August 1999, and by his own expert witness, Dr. Harold Morgan, in November 1999. A non-jury trial was held on May 23, 2000, at which Kennedy was found to be a sexually violent predator. He was committed to the DMH for his long-term control, care, and treatment.

## STANDARD OF REVIEW

"In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings." *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). Thus, this court must affirm if there is any evidence to support the trial court's findings.

## DISCUSSION

Kennedy contends the trial court erred in committing him to the DMH because the State failed to prove beyond a reasonable doubt he was a sexually violent predator and could not control his behavior.[1] We disagree.

---

1. We note that the State conceded at oral argument that Kennedy's issues were preserved for review by this court pursuant to *Norell Forest Products v. H & S Lumber Co.*, 308 S.C. 95, 99, 417 S.E.2d 96, 99

## I. State's Proof That Kennedy Was a Sexually Violent Predator

Kennedy argues there was ample evidence to support a finding that he was not a sexually violent predator. S.C Code Ann. § 44–48–30(1) (Supp.2000) provides that a sexually violent predator is a person who:

(a) has been convicted of a sexually violent offense; and

(b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.

Addressing the first prong of the statute, it is clear that Kennedy's convictions for committing a lewd act on a child under the age of fourteen is a sexually violent offense as enumerated in S.C.Code Ann. § 44–48–30(2)(k) (Supp.2002). Therefore, we must look at the second prong to determine if Kennedy suffers from a mental abnormality [2] that would make him likely to engage in acts of sexual violence.

In support of his argument, Kennedy asserts that because he passed the Penile Plethysmography (PPG) test, which is used to test sexual arousal to children, this was the best evidence that he would not re-offend. He also contends that he sought treatment while in prison and voluntarily inquired of his probation officer about possible treatment programs. He further notes that he was released for a period of approximately seven months without incident before he was arrested pursuant to the Act, and that he had consistently and successfully abided by the terms of his probation.

■ However, there is evidence to support the trial judge's finding beyond a reasonable doubt that Kennedy was a sexually violent predator. During trial, the State offered the testimony of Dr. Donna Schwartz–Watts regarding Kennedy's psychiatric illness and possible treatments. She found that

(Ct.App.1992), *rev'd in part on other grounds,* 310 S.C. 368, 426 S.E.2d 800 (1993).

**2.** Under the Act, "mental abnormality" is defined as "a mental condition affecting a person's emotional or volitional capacity that predisposes the person to commit sexually violent offenses." S.C.Code Ann. § 44–48–30(4) (Supp.2002).

Kennedy suffered from pedophilia, frotteurism[3], and anxiety disorder. She testified that pedophilia is a lifelong illness, and most significant to our analysis, she stated that Kennedy had the propensity to commit future acts on children because of the illness.

Dr. Schwartz–Watts also testified that due to Kennedy's continuing denial of the events, he is less likely to pursue outpatient treatment and therefore needs the supervision of inpatient treatment. She further testified that the only comprehensive program in the state is the inpatient program through the DMH. Dr. Harold Morgan, Kennedy's court-appointed psychiatrist, also opined that Kennedy would benefit from some type of treatment. Dr. Morgan stated that he knew of outpatient treatment in Greenville, but did not know of specific programs anywhere else. He also agreed that there would be no guarantee that Kennedy would not reoffend while in an outpatient program.

While there may be some evidence supporting Kennedy's claim that he is not a sexually violent predator, including a normal PPG test result, there is more than enough evidence to support the decision reached by the trial court. Moreover, our supreme court has previously noted that such arguments concerning evidence that an individual was not a sexually violent predator go to the weight of the evidence and not its sufficiency. *In re Matthews,* 345 S.C. 638, 647, 550 S.E.2d 311, 315 (2001), *cert. denied by Matthews v. South Carolina,* 535 U.S. 1062, 122 S.Ct. 1928, 152 L.Ed.2d 834 (May 13, 2002). Therefore, in light of our limited scope of review, we find the trial court did not err in concluding Kennedy was a sexually violent predator and in committing him to the DMH for treatment.

## II. Proof That Kennedy Could Not Control His Behavior

Kennedy next argues the trial court erred in finding he was a sexually violent predator because the State failed to prove beyond a reasonable doubt that he could not control his behavior. We disagree.

---

**3.** Frotteurism is the non-consenting touching of another person's buttocks.

South Carolina's Sexually Violent Predator Act is modeled on the Kansas Act. *Matthews,* 345 S.C. at 649, 550 S.E.2d at 316. Kennedy cites a Kansas case, *In the Matter of Care and Treatment of Michael T. Crane,* 269 Kan. 578, 7 P.3d 285 (2000), in support of his argument that it was incumbent upon the State to prove that he could not control his behavior. This case, however, has been vacated by the United States Supreme Court in *Kansas v. Crane,* 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). In *Crane,* the Supreme Court found that the Kansas statute "set forth no requirement of total or complete lack of control." 534 U.S. at 411, 122 S.Ct. 867. It further noted that "the most severely ill people—even those commonly termed 'psychopaths'—retain some ability to control their behavior." *Id.* at 412, 122 S.Ct. 867. However, the Court further found that the federal constitution does not allow civil commitment under the Act without *any* lack of control determination. *Id.,* at 414, 122 S.Ct. 867.

Our supreme court has previously addressed the holding in *Crane* in *In re Luckabaugh,* 351 S.C. 122, 568 S.E.2d 338 (2002). It recognized that "[t]he *Crane* Court failed to provide an exact threshold between where control ends and where a lack of control begins. . . . '[I]t is enough to say that there must be proof of serious difficulty in controlling behavior.'" *Id.,* 351 S.C. at 142, 568 S.E.2d at 348 (citations omitted). It further found that:

Inherent within the mental abnormality prong of the Act is a lack of control determination, *i.e.* the individual can only be committed if he suffers from a mental illness which he cannot sufficiently control without the structure and care provided by a mental health facility, rendering him likely to commit a dangerous act.

*Id.,* 351 S.C. at 144, 568 S.E.2d at 349. Thus, *Crane* does not mandate a separate and specific lack of control determination, "only that a court must determine the individual lacks control while looking at the totality of the evidence." *Id.,* 351 S.C. at 143, 568 S.E.2d at 348 (citing *Crane,* 534 U.S. at 413, 122 S.Ct. 867). Therefore, because Kennedy suffered from pedophilia, "a mental abnormality that critically involves what a lay person might describe as a lack of control," we find this is inherent evidence that Kennedy suffered from an inability to

control his own behavior. *Crane,* 534 U.S. at 414, 122 S.Ct. 867 (citing DSM–IV 571–572 (listing as a diagnostic criterion for pedophilia that an individual have acted on, or been affected by, "sexual urges" toward children)). Accordingly, we find no error in the trial court's order mandating Kennedy's civil commitment.

## CONCLUSION

We find there was sufficient evidence to support the trial court's finding that Kennedy was a sexually violent predator and could not control his behavior because he suffered from pedophilia. Accordingly, the judgment of the trial court is

**AFFIRMED.**

CURETON and ANDERSON, JJ., concurring.