THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Matter of the Care and Treatment of 
 Floyd Daniel Lipe, Appellant.
 
 
 

Appeal From Greenwood County
Wyatt T. Saunders, Jr, Circuit Court Judge

Unpublished Opinion No.  2005-UP-057
Submitted December 1, 2004  Filed January 24, 2005

AFFIRMED

 
 
 
George P. Callison, Jr., of Greenwood, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. 
 McIntosh, Assistant Attorney General Deborah R. J. Shupe, and Assistant Attorney 
 General David Spencer, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  A jury committed Floyd Daniel Lipe to the Department of 
 Mental Health as a sexually violent predator under the South Carolina Sexually 
 Violent Predator Act found in sections 44-48-10 to 170 of the South Carolina 
 Code (2002).  Lipe appeals, arguing the trial court erred by denying his motions 
 for directed verdict and JNOV, and prohibiting him from admitting a prior mental 
 evaluation.  We affirm. [1]   

FACTS 
Lipe was convicted of four counts of a lewd act upon a minor, two counts of 
 criminal sexual conduct with a minor, second degree, and one count of directing, 
 performing, and promoting the performance of minors in sexual acts.  Lipe was 
 released on probation after serving two years in prison.  However, he violated 
 his probation and, within several months, was re-incarcerated.  Lipe was released 
 again approximately two years later, but was re-incarcerated for attempted arson.          

Subsequently, the State of South Carolina filed a petition pursuant to the 
 South Carolina Sexually Violent Predator Act, seeking to commit Lipe as a sexually 
 violent predator.  The case was tried before a jury.  During cross-examination 
 of the States expert, Lipes attorney sought to introduce a mental evaluation 
 of Lipe that was completed in 1991 at the request of the court in connection 
 with the initial charges brought against him.  The evaluation was conducted 
 to determine Lipes competency to stand trial.  The State objected to the 
 admission of the report on the basis of relevancy and hearsay, and the judge 
 ruled the report was inadmissible.
Lipe moved for directed verdict at the close of the States case, arguing the 
 State failed to prove he lacked the ability to control his actions as required 
 by Kansas v. Crane, 534 U.S. 407 (2002).  However, the judge denied the 
 motion.  Lipe renewed his motion at the close of all of the evidence and again, 
 the judge denied it.  The jury determined Lipe is a sexually violent predator 
 and commited him to the Department of Mental Health.  Lipe moved for judgment 
 notwithstanding the verdict on the same basis as his motions for directed verdict.  
 The judge denied the motion and Lipe appeals. 
LAW/ANALYSIS
I.  Directed Verdict and JNOV Motions
Lipe argues the trial judge erred in denying his motions for directed verdict 
 and JNOV because the State is required to prove an individual cannot control 
 his or her behavior before he or she can be adjudicated a sexually violent predator 
 under the South Carolina Sexually Violent Predator Act.  Lipe maintains the 
 State failed to offer any proof that he had serious difficulty controlling his 
 behavior, and therefore, the trial court erred in denying his motions.  We disagree.  

When reviewing the denial of a motion for directed verdict or JNOV, 
 this Court must employ the same standard as the trial court by viewing the evidence 
 and all reasonable inferences in the light most favorable to the nonmoving party.  
 Welch v. Epstein, 342 S.C. 279, 299, 536 S.E.2d 408, 418 (Ct. App. 2000).  
 The trial court must determine whether a verdict for the opposing party would 
 be reasonably possible under the facts as liberally construed in his favor.  
 Harvey v. Strickland, 350 S.C. 303, 309, 566 S.E.2d 529, 532 (2002).  
 In our review of the trial courts ruling, we may reverse only if no evidence 
 exists to support that ruling.  South Carolina Prop. & Cas. Guar. Assn 
 v. Yensen, 345 S.C. 512, 521, 548 S.E.2d 880, 885 (Ct. App. 2001).  
The South Carolina Sexually Violent Predator Act defines a sexually 
 violent predator as a person who: 

 
 
 
 
 (a)
 has been convicted of a sexually violent offense; and
 
 
 (b)
 suffers from a mental abnormality or personality disorder that makes 
 the person likely to engage in acts of sexual violence if not confined in a 
 secure facility for long-term control, care, and treatment.
 
 
 
 

S.C. Code Ann. § 44-48-30(1)(a) and (b) (2002).
In In re Luckabaugh, 351 S.C. 122, 142, 568 S.E.2d 338, 348 (2002), 
 a Sexually Violent Predator Act case, the South Carolina Supreme Court confirmed 
 Kansas v. Crane, 534 U.S. 407 (2002), required a court to make a lack 
 of control determination before involuntarily committing someone under these 
 statutes.  However, the court found Crane did not clarify how to determine 
 where control ends and where a lack of control begins.  Id.  Our supreme 
 court then held that Crane holds the substantive due process clause 
 requires a court to determine an individual suffers from a mental illness which 
 makes it seriously difficult, though not impossible, for that person to control 
 his dangerous propensities.  Id. at 143, 568 S.E.2d at 348.  The court 
 further determined an individual can only be committed if he suffers from a 
 mental illness which he cannot sufficiently control without the structure and 
 care provided by a mental health facility, rendering him likely to commit a 
 dangerous act.  Id. at 144, 568 S.E.2d at 349. 
In a comparable case, In re Kennedy, 353 S.C. 394, 578 S.E.2d 27 (Ct. 
 App. 2003), we addressed an argument similar to the argument made by Lipe.  
 In that case, Kennedy argued the State failed to prove beyond a reasonable doubt 
 that he was a sexually violent predator.  Id. at 396, 578 S.E.2d at 28.  
 The States expert testified Kennedy suffered from pedophilia, frotteurism, 
 and anxiety disorder.  Id. at 398, 578 S.E.2d at 28.  She noted that 
 pedophilia is a lifelong illness and that Kennedy had the propensity to commit 
 future acts on children because of the illness.   Id.  Based on these 
 findings, we upheld the trial judges determination that Kennedy was a sexually 
 violent predator.  Id. at 398, 578 S.E.2d at 28-29.  In addition, relying 
 on Luckabaugh, we found because Kennedy suffered from pedophilia, an 
 abnormality critically involving a lack of control, inherent evidence existed 
 establishing Kennedy suffered from an inability to control his own behavior.  
 Id. at 399-400, 578 S.E.2d at 29.  
In the case at bar, we find evidence to support the trial judges 
 ruling.  As stated in Luckabaugh, the judge was not required to make 
 a specific determination that Lipe lacked control, but need only find he suffers 
 from a mental illness that makes it difficult for him to control his behavior.  
 The States expert, a forensic psychiatrist, diagnosed Lipe with pedophilia, 
 based on his past criminal convictions and tests indicating his continued arousal 
 to young girls.  The States expert also diagnosed Lipe as suffering 
 from alcoholism, anxiety disorder, and mild mental retardation.  Relying on 
 these diagnoses, as well as his age, lack of support system, his denial of the 
 offenses, past legal troubles, prior relationship history, and his propensity 
 to act impulsively, the States expert determined Lipe has the propensity to 
 commit further acts of sexual violence.   She also determined that Lipe needs 
 inpatient treatment.  Based on the testimony of the States expert, the evidence 
 established Lipe suffered from a mental illness making him unable to control 
 his behavior, and therefore, the trial judge did not err in denying Lipes motions 
 for directed verdict and JNOV.  
II.  Admissibility of Prior Evaluation
Lipe argues the trial judge erred in prohibiting him from admitting the 1991 
 mental evaluation by Dr. Richard Ellison because the evaluation was relevant 
 to show Lipe did not have a mental illness.  We disagree.  
The admission of evidence is within the discretion of the trial judge 
 and will not be reversed on appeal absent an abuse of that discretion or the 
 commission of a legal error that results in prejudice to the defendant.  State 
 v. Adams, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App. 2003).  Rule 
 401, SCRE, defines relevant evidence as evidence having any tendency to make 
 the existence of any fact that is of consequence to the determination of the 
 action more probable or less probable than it would be without the evidence.  
 Evidence which is not relevant is not admissible.  Rule 402, SCRE.  

 Section 44-23-410(1) of the South Carolina Code (Supp. 1991) states 
 a judge can order an examination of a person charged with a crime if the judge 
 suspects the person is not fit to stand trial due to lack of capacity to understand 
 the proceedings against him or to assist in his own defense as a result of a 
 lack of mental capacity.  According to section 44-23-410 and the evaluation 
 itself, Dr. Ellison conducted the evaluation simply for purposes of determining 
 Lipes competency to stand trial, not to diagnose Lipes mental condition.  
 Thus, the evaluation was not relevant to the case at bar.  Accordingly, the 
 trial judge did not abuse his discretion in determining the evaluation was not 
 relevant and therefore, inadmissible.
AFFIRMED.
ANDERSON, STILWELL, and SHORT, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.