THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Discount Auto Center,       
Respondent,
 
 
 

v.

 
 
 
Nancy D. Jonas,       
Appellant
 
 
 

Appeal From Beaufort County
Curtis L. Coltrane, Special Circuit 
 Judge

Unpublished Opinion No. 2005-UP-128
Submitted January 1, 2005  Filed February 
 18, 2005

AFFIRMED

 
 
 
Nancy D. Jonas, of Beaufort, for Appellant.
James A. Grimsley, III and Ralph E. Tupper, both of Beaufort, 
 for Respondent.
 
 
 

PER CURIAM:  Nancy Jonas appeals 
 a circuit order denying her motion to dismiss.  We affirm. 
 [1] 
FACTS
In January 2003, Jonas filed a motion 
 to dismiss in the Beaufort County Circuit Court, apparently with the intention 
 of having a judgment entered against her in 1996 dismissed.  A hearing on the 
 motion was scheduled for 10 a.m. on September 15, 2003.  Jonas was advised of 
 the date and time of the hearing, and informed the court that she was ready 
 to proceed.
The hearing was called at the scheduled 
 time, but Jonas was not present.  The court placed a call to her residence and, 
 after failing to reach her, left a message reminding her of the hearing.  As 
 of 10:30 a.m., Jonas had still not appeared.  The circuit court denied the motion 
 for lack of prosecution and ordered the case ended.
After contact from Jonas later that afternoon, 
 the circuit court allowed her to file a motion to reconsider the denial of her 
 motion.  Following reconsideration, the circuit court again denied Jonass motion 
 to dismiss.  This appeal followed.
ANALYSIS
Jonas argues the trial court erred 
 in denying her motion due to, among other things, a vast conspiracy of corruption 
 and collusion involving this states circuit and appellate courts and Discount 
 Auto Center.  We disagree.
As Jonass present appeal and underlying 
 motion attempt to retry issues previously resolved and not properly before the 
 circuit court, we briefly re-cap this cases procedural history.  In 1996, Discount 
 Auto Center obtained a judgment against Jonas in magistrates court for nonpayment 
 of a bill arising from work done to her vehicle.  In 1997, Jonas appealed the 
 judgment to the circuit court, which affirmed the magistrates decision.  She 
 then appealed the circuit courts decision to this court.  Her appeal was dismissed 
 as untimely.  This court did, however, grant Jonas leave to petition the trial 
 court for relief from judgment pursuant to Rule 60, SCRCP.  Jonas filed this 
 motion in the magistrates court, but specifically requested in the petition 
 that the motion not be decided until future matters concerning her appeal were 
 resolved.  Following the resolution of various motions regarding her appeal 
 in this court (e.g. a petition to reinstate), a writ of certiorari was filed 
 with the state supreme court.  This petition was denied in September 1998.  
 Following this courts issuance of remittitur, Jonas filed a motion in the state 
 supreme court to recall the remittitur.  This motion was likewise denied.  She 
 then appealed to the United States Supreme Court, which finally dismissed her 
 case on December 3, 1999.
More than three years after the United 
 States Supreme Court dismissed her appeal, Jonas filed the present motion, styled 
 oddly as a motion to dismiss.  Nevertheless, a hearing was scheduled on the 
 matter.  Jonas was properly notified, but did not appear for the hearing.
A trial judge possesses the inherent power 
 to dismiss actions sua sponte for a partys failure to prosecute 
 with due diligence.  Crestwood Golf Club, Inc. v. Potter, 328 S.C. 201, 
 211-212, 493 S.E.2d 826, 832 (1997); Small v. Mungo, 254 S.C. 438, 442-443, 
 175 S.E.2d 802, 803-804 (1970).  On appeal, Jonas raises several matters regarding 
 the substance of her long-resolved case, but only addresses her absence from 
 the hearing by vaguely referencing some alleged filings with our states supreme 
 court.  The only evidence in the record of any attempted availment of our supreme 
 courts original jurisdiction is dated January 1999, more than three years prior 
 to the scheduled hearing.  As Jonas is challenging the trial courts denial 
 of her motion, she bears the burden on appeal of producing a record sufficient 
 to illustrate the alleged error.  See McElveen v. McElveen, 332 
 S.C. 583, 601 n.4, 506 S.E.2d 1, 10 n.4 (Ct. App. 1998).  This court will not 
 consider facts that do not appear in the transcript of record.  Windham 
 v. Honeycutt, 290 S.C. 60, 64, 348 S.E.2d 185, 187 (Ct. App. 1986).  
Because we find no evidence supporting 
 Jonass claim that her absence from the hearing was justified, the circuit courts 
 denial of her motion to dismiss is
AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS, 
 JJ., concur. 

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.